511 So.2d 126 (1987)
Stella TERRELL, Individually and as Heir of Mary Olivia Terrell, Deceased
v.
Dr. Earnest RANKIN.
No. 57057.
Supreme Court of Mississippi.
July 22, 1987.
Stella Terrell, Yazoo City, for appellant.
John L. Walker, Nausead Stewart, Walker & Walker, Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and GRIFFIN, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Stella Terrell appeals from a summary judgment entered by the Circuit Court of the First Judicial District of Hinds County, Mississippi, in favor of Dr. Earnest Rankin, dismissing Terrell's suit for damages on account of the death of her unborn child and for personal injuries sustained by her. *127 She assigns three (3) errors committed by the lower court, viz:
I. THE LOWER COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE ON APPELLANT'S WRONGFUL DEATH ACTION SINCE GENUINE ISSUES OF MATERIAL FACT EXISTED.
II. THE LOWER COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE ON APPELLANT'S INDIVIDUAL CLAIM AS GENUINE ISSUES OF FACT EXISTED.
III. THE LOWER COURT ABUSED ITS DISCRETION IN NOT GRANTING APPELLANT'S MOTION FOR CONTINUANCE.
The appellant filed her complaint on March 30, 1984, charging that (1) appellee failed to properly diagnose and treat her pregnancy resulting in the death of her unborn viable child on November 1, 1982; (2) appellee failed to employ laboratory tests reasonably available for determining the existence of pregnancy; and (3) appellee failed to use a reasonable amount of attention, observation and skill in examining appellant so as to know and determine that she was pregnant, and in examining laboratory reports, records and data involving appellant. The substance of the allegations of the complaint was that appellee failed to use proper diligence and care in examining and treating appellant; that, as a result of such failure, appellant's unborn child, a fetus of 8-9 months, was stillborn; and appellant sustained personal injuries herself from the failure of appellee to exercise the proper standard of care.
The appellee moved for summary judgment on the ground that there is no genuine issue of material fact and that appellant failed to state a claim under Mississippi Code Annotated § 11-7-13 (Supp. 1986).

I.-III.
The lower court granted partial summary judgment as to the wrongful death claim on December 6, 1985. The reason for sustaining that motion for summary judgment does not appear in the record, but appellant argues that, since the second part of the motion, i.e., relating to her personal injuries, was not sustained until a later date, the lower court was apparently of the opinion deceased must have been born alive before an action could be maintained under the wrongful death statute. If such was the understanding of the court, the question is answered in Rainey v. Horn, 221 Miss. 269, 283, 72 So.2d 434 (1954), where the court said:
[A]n unborn child, after it reaches the prenatal age of viability when the destruction of the life of its mother does not necessarily mean the end of its life also, and when, if separated from its mother would be so far a matured human being that it would live and grow mentally and physically as a person; and if such child dies before birth as the result of a negligent act of another, an action may be maintained for its death under the wrongful death statute.
We now address the contention of appellant that the lower court erred in granting summary judgment against appellant on her individual claim, since genuine issues of fact existed, and the third contention that the lower court abused its discretion in declining to grant appellant's motion for continuance. We are of the opinion that the third contention should be sustained and that it is dispositive of all issues on this appeal.
After granting partial summary judgment as to the wrongful death claim on December 6, 1985, the lower court reset the hearing for summary judgment on appellant's individual personal injury claim for 9:00 a.m. December 13, 1985. On the latter date, the appellant filed a motion for continuance alleging her inability to file the affidavit of her expert; setting out that the appellee would not be prejudiced because trial was set for June 10, 1986; and that the motion for continuance was not filed for the purpose of delay. Appellant's affidavit was attached as Exhibit A to the motion and contained the following:
(1) She had become extremely emotionally involved, sought the assistance of counsel, and turned over her file, including relevant medical records, to him.
*128 (2) Her counsel made no effort at prosecuting the case, and she made several efforts to retrieve the file.
(3) She finally received the file on December 10, 1985, around 5:25 p.m. as evidenced by a Greyhound busbill.
(4) The medical records were not in the file.
(5) Previously, on December 9, she called the appellee's attorney to request a release of the records, but her call was not returned.
(6) On December 11, she hand delivered a letter with the same request and received the records on that date around 11:13 a.m.
(7) Appellant had retained the services of Dr. Arthur Lester, Ft. Walton Beach, Florida, who is a qualified specialist in obstetrics-gynecology, and who advised her that he could not form an opinion of malpractice unless he could review the relevant medical records of Dr. Rankin and the hospital.
(8) On December 11, she forwarded the records to Dr. Lester's business address, as evidenced by a Federal Express air bill.
(9) On December 12, Dr. Lester telephoned her and advised that he had received the records, had reviewed them, and was of the opinion the standard of care required of Dr. Rankin had been breached and that Dr. Rankin had engaged in malpractice from his failure to provide quality care required by not diagnosing and consequently not treating her for pregnancy. Dr. Lester further advised it would be impossible to have a written and signed affidavit of his opinion delivered to her by 9:00 a.m. Friday, December 13, 1985, the time of the hearing on the remainder of the motion for summary judgment (personal injury).
Also attached to the motion for continuance was a copy of the appellant's medical records from Dr. Rankin's office and the Mississippi Baptist Hospital, the same records sent to Dr. Lester. The hospital's discharge summary, prepared and signed by the appellee, reveals, among other things, that
(1) The appellant was a 34-year-old black female who had not been admitted to the Baptist Hospital before and who was having a lot of lower abdominal discomfort.
(2) On examination, the head of a fetus, protruding from the vaginal canal, was discovered.
(3) The doctor and his nurse delivered a stillborn intra-uterine infant.
(4) The patient stated that her last cycle was approximately a year before and had been irregular all the time and that she had had no prenatal care and was unaware of her pregnancy, and her recovery was complicated by endometritis.
The delivery record showed that on November 1, 1982, at 10:57 a.m., a female stillborn infant at thirty-eight (38) weeks gestation was delivered. The autopsy report reveals severe maceration but no congenital abnormalities in the organs of the chest and abdomen, and a weight of 1150 grams.
The appellee's progress notes showed a period of care for the appellant from February 16, 1981, until December 17, 1982. One pregnancy test was administered on June 2, 1981, but there were no further tests. On April 27, 1982, appellant complained of back pain, urinary frequency and no menstrual period for the past five months. No pregnancy test was done, and the appellant was prescribed tetracycline and bactrin DS for tenderness of her uterus. On May 11, 1982, she complained of pelvic tenderness and was diagnosed as having a vaginal infection and was prescribed Flagyl. On June 23, 1982, she complained of swelling in her ankle. On June 29, 1982, no specific complaints were made, but on July 6, 1982, she complained of swelling in the face and bloating over her body and was prescribed Hygrotin. On August 3, 1982, she had swollen feet. On September 16, 1982, she complained of lower abdominal pain. On September 30, 1982, she complained of lower back pain, soreness and enlargement of breasts, and was prescribed Geocillin. On October 18, 1982, she complained of headaches and was diagnosed as having anemia and headaches secondary to anemia and tension. Pregnancy still was not detected at this point. On November 1, 1982, she complained of constant *129 urination, something like a blood clot in the toilet, severe low abdominal crampings, and feeling something in the vagina that she was unable to pass. The head of the infant was discovered and the infant was stillborn.
The motion for continuance was denied in an order dated December 17, 1985. In its opinion, the lower court noted the lapse of time between the filing of suit and the date of hearing on the motion for summary judgment, i.e., December 15, 1985, and further found that the motion for continuance was not filed prior to the day of hearing as required by Miss.R.Civ.P. 56(c).
The appellant filed a motion to alter the summary judgment and reconsider on December 16, 1985, and, on December 23, 1985, appellant filed a motion to alter or amend the order sustaining motion for summary judgment and to reconsider. Her affidavit was attached to the motion and stated that, among other things, the court had ruled her failure to present an affidavit by a medical expert entitled appellee to summary judgment. Appellant attached the affidavit of Dr. Lester, executed on December 18, setting forth in detail the acts and omissions which, in his opinion, constituted gross negligence on the part of the appellee, e.g., the failure to suspect or to detect the pregnancy despite absence of periods, irrational diagnosis not substantiated by facts generated by physical evaluation, or from the clinical laboratory; negligent physical examinations which did not detect the enlargement of the uterus, and negligent prescription of medication. He concluded in the affidavit that such failures led to potential toxic effects on the fetus, loss of the opportunity to obtain proper care, and an adverse, probably preventable, outcome on her pregnancy. The motions were denied.
Miss.R.Civ.P. 56(f) provides:
Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.
Leonard v. Leonard, 486 So.2d 1240, 1241 (Miss. 1986), and Federal cases suggest that the Rule 56(f) decision is committed to the sound discretion of the trial court. Miss.R.Civ.P. 6(d) provides that "opposing affidavits may be served not later than one day before the hearing, unless the court permits them to be served at some other time."
6, Part 2, Moore's Federal Practice ¶ 56.24 (1985), states:
If the opposing party desires to avail himself of Rule 56(f), he should normally serve the Rule 56(f) affidavit prior to the date of the hearing, although undoubtedly the court may receive the affidavit at the hearing, or even at a later time.
In the case sub judice, there was no motion to strike or objection to the motion or affidavit. In Clay v. Equifax, Inc., 762 F.2d 952, 955, n. 2 (11th Cir.1985), the Eleventh Circuit Court of Appeals permitted consideration of a deposition which was never filed.
Courts have held it to be an abuse of discretion not to grant a Rule 56(f) continuance where the party moving for continuance was unable to locate a witness or unable to secure his affidavit. The cases so holding are somewhat different from the present case, in that the plaintiff non-movant, acting pro se, was incarcerated, or the plaintiff non-movant was waiting for affidavits from Kuwait. Bracey v. Herringa, 466 F.2d 702, 703 (7th Cir.1972), Harris v. Pate, 440 F.2d 315, 318 (7th Cir.1971), Alghanim v. Boeing Co., 477 F.2d 143, 148-49 (9th Cir.1973).
We have carefully considered the record in this case and are of the opinion that the lower court abused its discretion in granting the summary judgment and in declining to alter or amend the judgment upon appellant's motion, accompanied by affidavits, including the affidavit of Dr. Lester, a consideration of which undoubtedly would have resulted in a denial of the motion for summary judgment.
*130 The summary judgments of the lower court dismissing the appellant's claims are reversed and the cause is remanded for further action consistent with this opinion.
REVERSED AND REMANDED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.
ANDERSON, J., not participating.