511 So.2d 499 (1987)
Evelyn HUDSON
v.
Dr. Steve PARVIN and Dr. D.G. Crawford.
No. 57936.
Supreme Court of Mississippi.
August 12, 1987.
Laurel G. Weir, Thomas L. Booker, Weir & Booker, Philadelphia, for appellant.
Taylor B. Smith, Threadgill, Smith, Sanders & Jolly, Columbus, Mildred M. Morris, Steen, Reynolds, Dalehite & Currie, Jackson, for appellees.
Before WALKER, C.J., and PRATHER and ANDERSON, JJ.
PRATHER, Justice, for the Court:
Evelyn Hudson appeals separate summary judgments granted by the Circuit Court of Winston County to the physicians she charges negligently performed a tubal ligation. We affirm as to Appellee Crawford; we reverse as to Appellee Parvin.
In 1982 Hudson with the knowledge and consent of her family physician Dr. D.G. Crawford underwent a tubal ligation at the hands of Dr. Steve Parvin. Following that surgery, she became pregnant in 1983, which resulted in in a miscarriage, and again in 1985, which pregnancy went to full term. In October 1985 Mrs. Hudson filed her complaint charging:
During the month of February 1982, the Defendants entered into a Doctor-Patient relationship with Plaintiff ... wherein Defendants were to perform a tubal ligation procedure upon Plaintiff. That Defendants were negligent in performing upon and providing of said medical care to Plaintiff in the month of February 1982, and as a direct and proximate result thereof Plaintiff became impregnated and discovered same on October 26, 1983, and as a direct result thereof incurred pain and suffering, mental anguish and damages... .
Dr. Crawford moved for summary judgment, averring that he is a family physician, not a surgeon, and although he was present during the surgical procedure performed by Dr. Parvin he did not participate in any way. Plaintiff filed no responsive affidavit, and summary judgment was granted in favor of Dr. Crawford on December 13, 1985.
*500 Dr. Parvin moved for summary judgment on or about August 25, 1986. His motion was supported by the affidavit of Dr. Earl Stubblefield, a specialist in obstetrics and gynecology, who stated that he had examined the Hudson medical records and found
... that Dr. Parvin bestowed upon Evelyn Hudson such reasonable and ordinary care, skill and diligence in his care and treatment of Evelyn Hudson as other physicians in good standing of like practice under the same or similar circumstances would have exercised.
By way of response to the motion, Hudson filed a short personal affidavit alleging simply that Dr. Parvin, in her opinion, "failed to exercise that degree of care, skill and diligence ordinarily possessed and exercised by other physicians of like training and practice under the same or similar circumstances." No physician's affidavit was offered to counter that of Dr. Stubblefield.
On October 21 Parvin noticed a hearing on his motion for October 30. On the date of the hearing Hudson's counsel withdrew from the case and a new attorney entered, seeking additional time to respond to the motion for summary judgment. The judge rescheduled the hearing for November 4, and on that date the new counsel submitted a second, more detailed affidavit from Mrs. Hudson, and sought additional time to submit expert affidavits. The trial judge declined any extension of time and granted Parvin's motion. Hudson now appeals both summary judgments.
The court finds that summary judgment was properly granted in favor of Dr. Crawford. Hudson belatedly attempts to raise an informed consent issue, but it is clear that such was not pled in the complaint, only negligence in the performance of the surgical procedure. It is uncontradicted that Dr. Crawford did not participate in the surgery; therefore, he cannot be held liable for negligence, if any, in the surgery.
The court is of the opinion that the motion for summary judgment was hastily granted in favor of Dr. Parvin. Under MRCP Rule 56(f), the granting of an order of continuance to permit affidavits to be obtained is discretionary with the judge. "Should it appear ... that [respondent] cannot present by affidavit facts essential to justify his opposition, the court may ... order a continuance to permit affidavits to be obtained... ." Leonard v. Leonard, 486 So.2d 1240 (Miss. 1986). This court has held that, under certain circumstances, the failure to grant a continuance may well be an abuse of discretion. Terrell v. Rankin, 511 So.2d 126 (Miss. 1987).
It is difficult to term the failure to grant a continuance in this instance an abuse of discretion. Unlike Terrell v. Rankin, supra, there was no showing here that in the two months which passed between the filing of the summary judgment motion and the hearing on that motion any effort whatsoever had been made to obtain an expert affidavit by either of Hudson's attorneys. The second attorney, however, had very little time to move toward that goal. The court is of the opinion that fairness required a continuance of limited duration to afford this plaintiff the opportunity to go forward, if possible, with her case.
For this reason, we reverse the summary judgment as to Dr. Parvin, and remand the case to the lower court for proceedings not inconsistent with this opinion.
AFFIRMED AS TO APPELLEE CRAWFORD; REVERSED AS TO APPELLEE PARVIN AND REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.