555 So.2d 685 (1989)
Deborah Lanier CUNNINGHAM
v.
Douglas C. LANIER, Jr.
No. 07-CA-58633.
Supreme Court of Mississippi.
December 13, 1989.
Rehearing Denied January 24, 1990.
Richard W. Hamilton, Pascagoula, for appellant.
Ben F. Galloway, III, Owen Galloway & Clark, Gulfport, for appellee.
En Banc.
PRATHER, Justice, for the Court:
Conversion of a Motion for Judgment on the Pleadings (under Miss.R.Civ.P. 12(c)) to one for Summary Judgment (under Miss.R. Civ.P. 56) is analyzed in this appeal. This Court's reversal of the Chancery Court's decision constitutes a reaffirmation of its long-standing position that, in the interest of justice and fairness, the rules of civil procedure should be liberally construed to permit a party to file amendments or documents in opposition to a motion for judgment.
In the case sub judice, Deborah Lanier Cunningham appeals from the summary judgment of the First Judicial District of Harrison County Chancery Court terminating alimony awarded her from her ex-husband, Douglas C. Lanier, Jr., in an antecedent divorce proceeding. Specifically, Cunningham appeals the Chancery Court's failure to grant her time to file documents in opposition to the motion for summary judgment.

I. FACTUAL BACKGROUND
The divorce, based upon irreconcilable differences, was granted to Cunningham and Lanier in 1985. In that case, the court approved a property settlement which involved payment of alimony to Cunningham.
On April 15, 1987, Lanier filed an action to suspend alimony payments on the ground that his ex-wife remarried. Cunningham *686 responded by filing a counterclaim.[1]
On May 28, 1987, Lanier filed a motion for judgment on the pleadings under Miss. R.Civ.P. 12(c). On July 2, 1987, the Chancery Court treated the motion as one for summary judgment and propounded two interrogatories to Cunningham. On July 20, 1987, Cunningham filed her answers to the interrogatories and made the following request:
[Y]our order of July 2 [was] received [on] July 9[.] If the court treats [Lanier's] Motion ... as [one] for a Summary Judgment ... then [I] request that [I] be allowed an additional fourteen days to produce and file counter-affidavits before this court rules on the [motion].
The record indicates that Cunningham's request was ignored, that a hearing on the motion for summary judgment was not held, and that on July 30, 1987, summary judgment was granted. Cunningham's appeal of this decision to this Court consists of a sole issue:
Whether or not the Chancery Court erred by failing to allow her time to present affidavits or other pertinent material in opposition to the Rule 56 motion.

II. ANALYSIS OF APPLICABLE LAW

A.
A motion for judgment on the pleadings may be treated as one for summary judgment under Miss.R.Civ.P. 12(c), which states:
After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56; however, if on such a motion matters outside the pleadings are not presented, and if the motion is granted, leave to amend shall be granted in accordance with Rule 15(a). (Emphasis added).
Whether the court treated the motion as a Rule 12(b) motion or a Rule 56 summary judgment motion is determined by whether outside matters, other than pleadings, are considered. Clearly, matters outside the pleadings were presented to and considered by the trial court here. The "findings and ruling" of the court were based on "briefs and ... [other] available information." See Record at 18, Cunningham v. Lanier, (No. 07-58633). "Other available information" included answers to interrogatories propounded by the court to Cunningham. Id. at 14. Since the trial court did consider "matters outside the pleadings," Rule 12(c) provides that all parties be given an opportunity to present all pertinent material. Cunningham's request was timely made and should have been allowed. Justice is served when a fair opportunity to oppose a motion is provided  because consideration of a motion for summary judgment requires a careful review by the trial court of all pertinent evidence in a light most favorable to the nonmovant. See Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983).
Because it failed to grant Cunningham a reasonable time to file opposing documents in the case sub judice, this Court is unable to conclude that the Chancery Court conducted a careful review of all pertinent evidence in a light most favorable to the nonmovant. Moreover, the record reflects a failure by the Chancery Court to specifically address Cunningham's counterclaim  which deserves consideration of its merits. In her counterclaim, Cunningham alleges that Lanier induced her to "abandon and convey all of her real property rights in the homestead of the parties" by offering consideration in the form of "[monthly] payment[s] *687 ... over a ten year period." Cunningham described the specific settlement:
As an inducement for [her] to take her property settlement in the form of monthly payments over a period of ten years, [Lanier] loaned [her] the sum of $17,000.00 at the time of the divorce of the parties... which loan was to repaid to [Lanier] by deduction from the monthly payment required to paid from him to her the sum of $180.32. If the monthly payments from [Lanier] to [her] are terminated then equity requires that the monthly payments from [her] to [Lanier] be terminated.
Cunningham further alleges that Lanier would be unjustly enriched if the periodic payments are suspended  in which case, "all property rights of the parties [should] be put is [sic] status quo as before the divorce" and "an equitable division of title, possession and control of the mutually acquired property" should be made. Proof of the veracity of her counterclaim may preclude a judgment in favor of Lanier  notwithstanding that his ex-wife may have remarried.

B.
Construction and enforcement of the rules of civil procedure cited in the preceding subsection have been addressed in a litany of cases. See, e.g., Hudson v. Parvin, 511 So.2d 499 (Miss. 1987) (trial court abused its discretion when it refused to permit patient's new attorney additional time to submit affidavits before ruling on summary judgment motion); Terrell v. Rankin, 511 So.2d 126 (Miss. 1987); Walton v. Bourgeois, 512 So.2d 698, 700 (Miss. 1987); Smith v. H.C. Bailey Companies, 477 So.2d 224, 233 (Miss. 1985) (citing Smith v. Community Fed. Sav. & Loan Ass'n of Tupelo, 77 F.R.D. 668, 670-71 (N.D.Miss. 1977) (construing Fed.R.Civ.P. 56)); Bourn v. Tomlinson Interests, Inc., 456 So.2d 747, 749 (Miss. 1984). A continuance of the summary judgment proceeding is "frequently necessitated" in order to enforce the dictates of these rules. Walton, 512 So.2d at 700 (citations omitted).

III. CONCLUSION
Application of the law to the facts clearly leads this Court to conclude that the Chancery Court abused its discretion by failing to grant Cunningham's reasonable request for time to file affidavits or other pertinent material in opposition to the motion for summary judgment. Basically, the court's discretionary abuse constituted a circumvention of well-established law in Mississippi. Until reasonable time to file opposing documents is granted and, until that time expires, summary judgment is an inappropriate vehicle for disposition of the case.[2]
For the foregoing reasons, the Chancery Court decision is reversed and remanded. See Bourn, 456 So.2d at 749 (holding that this Court is empowered to reverse upon determination that a judge abused his "sound discretion" in such matters) (citation omitted). In remanding the case, the Chancery Court is reminded that its reconsideration of the motion for summary judgment must take into account, not only any documents which may be filed in opposition to the motion, but Cunningham's counterclaim as well; that is, the counterclaim must be specifically addressed.
REVERSED AND REMANDED.
*688 DAN M. LEE, P.J., and ROBERTSON, ANDERSON and BLASS, JJ., join this opinion.
HAWKINS, P.J., ROY NOBLE LEE, C.J., and SULLIVAN and PITTMAN, JJ., dissent.
HAWKINS, Presiding Justice, dissenting:
I respectfully dissent.
On September 20, 1985, Douglas C. Lanier, Jr., and Deborah Lanier were divorced by judgment of the chancery court of the First Judicial District of Harrison County. Incorporated within the decree was a lengthy property settlement. The two pertinent paragraphs of the property settlement were:
LOAN
Douglas C. Lanier, Jr., agrees to make Deborah Lanier a loan as follows: $17,000.00 at five (5) percent payable for a period of ten years ($810.32 per month payback). Deborah Lanier agrees to execute a note payable to Douglas C. Lanier, Jr.
ALIMONY
Douglas C. Lanier, Jr., agrees to pay Deborah Lanier periodic alimony in the sum of $2,500.00 per month for a period of ten (10) years beginning October 1, 1985. It is understood between the parties that said alimony payments for tax purposes shall be a deduction for Douglas C. Lanier, Jr., and income for Deborah Lanier.
On April 15, 1987, Douglas filed a motion to suspend alimony payments because Deborah had remarried, and was then Mrs. Deborah Lanier Cunningham.
On May 22 Deborah filed an answer alleging by her first defense that Douglas would be unjustly enriched by terminating the alimony; by second defense that the parties were "mutually mistaken" in labeling the alimony "periodic" when it should have been "lump sum"; by third defense that Douglas had failed to state a cause of action; and then by answer denying the allegations of the motion. Her answer also contained a counterclaim:
2.
The DEFENDANT/CROSS-PLAINTIFF would show that as an inducement to abandon and convey all of her real property rights in the homestead of the parties she was to receive payment for same over a ten year period payable in monthly payments. DEFENDANT/COUNTER-PLAINTIFF would show that if periodic payments as set forth in Exhibit "A" are terminated, then there is a failure of consideration for the conveyance of the DEFENDANT/CROSS-PLAINTIFF's homestead rights.
The legal description of which real property and the deed by which the DEFENDANT/CROSS-PLAINTIFF conveyed her property rights to the PLAINTIFF/CROSS-DEFENDANT are presently unavailable to the DEFENDANT/CROSS-PLAINTIFF but shall be included herein by amendment when such are obtained.
3.
The Deed from the DEFENDANT/COUNTER-PLAINTIFF to the PLAINTIFF/COUNTER-DEFENDANT conveying the DEFENDANT/CROSS-PLAINTIFF's interest in the real property of the parties should be set aside and held for naught.
4.
As an inducement for the DEFENDANT/CROSS-PLAINTIFF to take her property settlement in the form of monthly payments over a period of ten years, the PLAINTIFF/CROSS-DEFENDANT loaned the DEFENDANT/CROSS-PLAINTIFF the sum of $17,000.00 at the time of the divorce of the parties, pursuant to Exhibit "A", which loan was to be repaid to the PLAINTIFF/CROSS-DEFENDANT by deduction from the monthly payment required to be paid from him to her the sum of $180.32. If the monthly payments *689 from the PLAINTIFF/CROSS-DEFENDANT to the DEFENDANT/CROSS-PLAINTIFF are terminated then equity requires that the monthly payments from the DEFENDANT/CROSS-PLAINTIFF to the PLAINTIFF/CROSS-DEFENDANT be terminated.
5.
DEFENDANT/CROSS-PLAINTIFF would show that there is a failure of consideration for all property settlement matters between the parties and that this Court should make an equitable division of title, possession and control of the mutually acquired property of the parties.[1]
On May 28 Douglas filed a motion for a judgment on the pleadings.
Of course, the allegation as to whether the alimony should be terminated was not subject to a Rule 12(b)(6) motion for failure to state a cause of action, because the fact of her remarriage was in dispute. The remainder of her defense was ripe for a Rule 12(b)(6) motion under the Mississippi Rules of Civil Procedure (MRE). It either stated a defense or it did not.
It is well settled that the property settlement became a part of the final judgment for divorce. Sullivan v. Pouncey, 469 So.2d 1233, 1234 (Miss. 1985); Switzer v. Switzer, 460 So.2d 843, 845 (Miss. 1984). Therefore, if Deborah wanted any relief from this judgment of September 20, 1985, it was incumbent upon her to comply with Rule 60(b) Mississippi Rules of Civil Procedure (MRCP), and file either a pleading or a motion under this rule, denominating it as such. She did not do this. The chancellor only addressed the alimony feature of this matter, however, which he treated as a motion for a summary judgment.
On July 2, 1987, the chancellor by order treated Douglas's motion as a motion for summary judgment under Mississippi Rules of Civil Procedure (MRCP) 56(e) and sua sponte directed Deborah by affidavit to answer two interrogatories:
(1) Was she one and the same person as Deborah W. Lanier Cunningham, and if so
(2) Had she remarried Alan James Cunningham in Clark County, Nevada, on March 6, 1987?
By letter of July 17, 1987, Deborah's attorney answered both interrogatories affirmatively, but objected to the court on its own posing interrogatories to Deborah. Also, the letter requested that if the court was treating the motion for judgment on the pleadings as a motion for summary judgment, there being no affidavits, then Deborah should be allowed an additional fourteen days to produce counter-affidavits.
On July 30 the court ruled that pursuant to MRCP Rules 26(f)(3) and 43(b)(1)[2] and §§ 89 and 90 of Griffith's Chancery Practice, the court had authority on its own to address interrogatories to a party.
The court then held that the alimony was unquestionably periodic, not lump sum, and entered summary judgment terminating all alimony.
Upon appeal Deborah in her brief charges the chancellor erred in directing interrogatories to her on his own; that she should have been permitted to show that labeling the alimony as periodic was a mistake, and further, that Douglas had agreed to pay her alimony over a ten year period as an inducement to abandon her real property right or interest; and finally, that it had been agreed that she would repay the $17,000 loan by monthly deductions in the alimony payments.
*690 The majority does not fault the chancellor for directing interrogatories to Deborah on his own, and thereby ascertaining what she had initially denied, namely that she had remarried. This was manifestly correct: trial judges must have the inherent power in the interest of justice on their own initiative to require parties to answer questions put to them.
Neither, in my view, should the chancellor be faulted for failing to hear the remainder of Deborah's defense or counterclaim.
By MRCP any relief from a judgment must be obtained under Rule 60. The final sentence of the comment under this rule states that the rule supersedes all previous devices for obtaining relief from judgments.
Rule 60(b) lists several reasons for obtaining relief from judgments, the only possible applicable ones to this case being as follows:
(b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relief a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
* * * * * *
(2) accident or mistake;
* * * * * *
(6) any other reason justifying relief from the judgment.
The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken... . The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action and not otherwise.[3]
Of course, number (2), "accident or mistake," was unavailable because Deborah filed no motion for relief within six months after the judgment. This left only (6), "any other reason justifying relief from the judgment."
The majority ignores the Rule 60 aspect of Deborah's claim, treating it as an ordinary pleading and only subject to a summary judgment motion. But this was not a summary judgment issue, but instead whether she stated any claim at all in the posture presented.
At no time in chancery court, and at no place in her brief on appeal did Deborah's counsel ever take the trouble to inform the chancellor or this Court that she sought relief under Rule 60.
By the very nature of periodic alimony, the obligation to continue payment ceases if the wife remarries. Douglas sought no change in the final judgment when he petitioned the court to be relieved of further alimony payments. The alimony obligation stopped as a matter of law when Deborah remarried.
The other features of the property settlement were not subject to change, however, but were fixed. If Deborah wanted relief as to this, she had the duty by motion to inform the court that under Rule 60 she was entitled to some relief, and then give her reasons why she should be entitled under the Rule to such relief.
Instead, she simply answered that if Douglas was being relieved from alimony, this in and of itself should relieve her of repaying the loan, and also to set aside her conveyance or release of her right or interest in the homestead.
The decision whether to grant relief under Rule 60(b) must be one in which a trial judge is given a very broad discretion. Winfield Associates, Inc. v. Stonecipher, 429 F.2d 1087 (10th Cir.1970).
In my view the chancellor should not be faulted for failing to consider the counterclaim. When she had not sought permission to file it, or to be relieved in any manner under Rule 60, either in chancery *691 court or her brief on appeal, is this Court supposed to read her, or her lawyer's mind?
I would affirm. In my view an affirmance would be without prejudice to Deborah to file a motion under Rule 60, because she sought no relief thereunder and the chancellor never addressed the counterclaim.
At the very least, however, the chancellor should be affirmed on the state of the pleadings filed in this case. The majority has trivialized the solemnity of a final judgment.
If Deborah knew her own name, she just as surely knew that her remarriage stopped all alimony. Yet she chose to remarry.
But, she now comes back into court and argues, because Douglas is no longer obligated to continue paying alimony, this entitles her to be released from repaying any of the $17,000 he loaned her, incorporated into a judgment obligation. And, for the same reason, the deed she made two years previous to the mortgaged house pursuant to a judgment should also be set aside. After all, what is a little old thing like a judgment?
And her lawyer can ignore any compunction to read the first rule of the MRCP, or pay the least attention to any of them, blissfully confident the Mississippi Supreme Court will supply these minor shortcomings.
ROY NOBLE LEE, C.J., and SULLIVAN and PITTMAN, JJ., join this opinion.
NOTES
[1] The counterclaim was misidentified in the record as a "cross-complaint" and "cross-claim." A cross-claim is a claim which is litigated between or among co-defendants or co-plaintiffs. A "counter-claim," on the other hand, is a counter-action by the defendant against the plaintiff. A counterclaim is not a mere answer or denial; rather, it is an independent cause of action.
[2] Of course, this is not to say that summary judgment is inappropriate in this case under any circumstances. Summary judgment may be inappropriate in most complex cases  for example, in cases dealing with fraud. Accord Keiser v. Coliseum Properties, Inc., 614 F.2d 406 (5th Cir.1980). Summary judgment may be inappropriate in some not-so-complex cases  for example, in cases dealing with interpretation of an ambiguous contract. See, e.g., Shaw v. Burchfield, 481 So.2d 247 (Miss. 1985); Dennis v. Searle, 457 So.2d 941, 945 (Miss. 1984); see also Shelton v. American Ins. Co., 507 So.2d 894, 896 (Miss. 1987). However, summary judgment should never be considered inappropriate in all cases dealing with a particular matter  for example, in cases dealing with domestic relations or probate claims. Whether summary judgment procedure is an appropriate vehicle for disposition of a particular case is unequivocally a question generally committed to the unfettered discretion of the trial court. This unfettered discretion is restricted only by the substantive aspects of Rule 56 and interpretive case law.
[1] The paragraph dealing with the real property in the settlement reads:

REAL PROPERTY SETTLEMENT
Deborah Lanier shall deed her interest in the homestead of the parties located at 20 Cedarwood Lane, Gulfport, Mississippi, and Douglas C. Lanier, Jr., shall assume the monthly mortgage payments thereon. Deborah Lanier hereby relinquishes any claims of the homestead of the parties and does hereby agree to convey all of her right, title and interest to the hereinabove described home located at 20 Cedarwood Lane, Gulfport, Mississippi.
[2] Rule 43(b) had been abrogated, and was not in effect at the time.
[3] The comment appears to contradict the rule, the comment stating, "Motions for relief under MRCP 60(b) are filed in the original action, rather than as independent actions themselves."

Whether by motion or independent action, however, it was incumbent upon Deborah's counsel to apprise the court that the relief sought was under Rule 60(b).