I.
On October 1, 1986, the wrongful-death beneficiaries of Cala Malone sued Aetna Casualty and Surety Company ("Aetna") seeking uninsured-motorist benefits. Months later, Aetna filed a motion for summary judgment, and the beneficiaries responded that the motion had been filed prematurely because pre-trial discovery had not been completed. The beneficiaries then filed a "MOTION TO COMPEL . . . AETNA TO RESPOND TO DISCOVERY." The trial judge held a hearing and granted Aetna's motion. The beneficiaries appealed.
 II.
A motion for summary judgment may be made "at any time" upon expiration of thirty days from the date the suit was filed. MISS.R.CIV.P. 56(a). Thus, Aetna filed its motion in a timely manner. This notwithstanding, the record supports the beneficiaries' claim that discovery had not been completed by the time the hearing on the summary-judgment motion had commenced. The beneficiaries should have been provided reasonably sufficient time to develop their theory of liability.
This conclusion is consistent with this Court's holdings in other factually-analogous cases. For example, in Hudson v.Parvin, the defendant had filed a motion for summary judgment, and the plaintiff had requested additional time to gather critical evidence and present it in opposition to the motion.511 So.2d 499, 499-500 (Miss. 1987). The trial judge refused the plaintiff's request, and this Court reversed on the basis that "fairness required a continuance of limited duration to afford this plaintiff the opportunity to go forward, if possible, with her case." Id. at 500 (citing cases).
The prudence of providing a party with reasonably sufficient time to develop his or her case may be gleaned from this State's rules of civil procedure and case law. For example, in Cunnighamv. Lanier, this Court concluded:
 Justice is served when a fair opportunity to oppose a motion is provided — because consideration of a motion for summary judgment requires a careful review by the trial court of all pertinent evidence in a light most favorable to the nonmovant.
555 So.2d 685, 687 (Miss. 1989) (emphasis in original) (citingBrown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983));cf. MISS. R.CIV.P. 12(c) (When a Rule 12 motion is treated as a Rule 56 motion, "all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.").
 III.
In sum, the trial judge prematurely ruled on Aetna's motion for summary judgment. See Hudson, 511 So.2d at 500 ("The [C]ourt is of the opinion that the motion for summary judgment was hastily granted in favor of [the defendant]."). The beneficiaries' request for additional time to complete discovery seems reasonable; indeed, no evidence evinces the converse. Therefore, this case is reversed and remanded *Page 188 
for proceedings consistent with this opinion.
Finally, because this case is not yet fully developed, the second issue raised by the beneficiaries is not ripe for this Court's consideration and judgment.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.