606 So.2d 122 (1992)
Helen BROWN and Eyvonne Ellis
v.
The HARTFORD INSURANCE COMPANY and Lisa Stubbs.
No. 89-CA-628.
Supreme Court of Mississippi.
August 31, 1992.
*123 Mark W. Davis, Davis & Emil, Gulfport, for appellant.
Lisa P. Dodson, Hopkins Dodson Wyatt & Crawley, Gulfport, for appellees.
Before DAN M. LEE, P.J., ROBERTSON and McRAE, JJ.
DAN M. LEE, Presiding Justice, for the court:
On May 18, 1989, the Circuit Court of Harrison County granted a summary judgment in this cause for the defendants, Hartford Insurance Company (hereafter Hartford), and its insured, Lisa Stubbs. The court further ordered the attorneys for plaintiffs, Helen Brown and Eyvonne Ellis, to pay one thousand dollars ($1,000.00) for sanctions and costs to Hartford. Feeling aggrieved, Brown and Ellis appeal, asserting four errors:
1. Appellants are entitled to recover under the uninsured motorist provisions *124 of the insurance policy issued by Hartford Insurance Company because the owner of the vehicle which caused the accident was known and uninsured.
2. Appellants are entitled to recover under the uninsured motorist provisions of the insurance policy issued by Hartford Insurance Company because the operator of the vehicle which caused the accident was known and uninsured.
3. Alternatively, Appellants are entitled to recover under the uninsured motorist provisions of the insurance policy issued by Hartford Insurance Company because the physical contact requirement of Section 83-11-103 of the Mississippi Code of 1972, Annotated, has been met.
4. The trial court erred in awarding sanctions to the Appellee pursuant to Rule 56 of the Mississippi Rules of Civil Procedure.
In the first two assignments of error, Brown and Ellis contend sufficient facts were placed in controversy to allow a factual finding that an identified and uninsured vehicle negligently turned in front of Ellis' vehicle, which was driven by Brown, and through this negligent act, caused Ellis' vehicle to collide with a third vehicle. In these two assignments of error, Brown and Ellis also contend that under both Mississippi statutory law, as well as Ellis' uninsured motorist coverage, Brown and Ellis could recover for damages they suffered in the automobile accident.
Having carefully considered the record and briefs, we hold Brown and Ellis put forth a legal theory upon which, if material and controverted facts were resolved in their favor, relief could be granted for the personal injuries suffered by Brown. Accordingly, we reverse and remand the entry of summary judgment. Because summary judgment was entered prior to trial, and the record before us consists only of pleadings and depositions, we pretermit consideration of the third assignment of error. Lastly, because the attorney for Brown and Ellis put forth a claim upon which relief could be granted, we reverse and render the Circuit Court's award of sanctions against them.

FACTS
On Wednesday, May 20, 1987, in Gulfport, Mississippi, Brown was driving an automobile which was owned by Ellis and insured by Hartford under a policy purchased by Ellis According to Brown's deposition, a grey and burgundy Lincoln turned onto the road and blocked the lane of traffic in which she was driving. She could not move to the lane on her left because a truck was alongside her, so she veered to avoid colliding with the Lincoln, which placed her in the path of oncoming traffic where she collided with another vehicle. As a result of the collision, Brown suffered some physical injury, however, the record contains little medical documentation going to the injury's severity. At the time of the accident, Ellis was not in her vehicle, and thus suffered only property damage to her automobile.
Two days following the accident, a private investigator located a Lincoln matching Brown's description of the car that caused the accident. Brown drove to where the Lincoln was parked, and she identified it as the vehicle that turned in front of her. After waiting a short time, Brown and the investigator saw Stubbs get into the car, whereupon they questioned her and learned the Lincoln belonged to Rev. Eugene Graham who lived in Wiggins, Mississippi. Stubbs denied having driven the Lincoln that caused the accident, and she denied having driven the Lincoln to Gulfport on any day other than the day she was questioned by Brown and the investigator.
Graham gave two conflicting affidavits. In his first affidavit, he stated Stubbs was driving the Lincoln on the coast during the day the accident occurred. He contradicted this statement in his second affidavit, and stated Stubbs had only driven one time. Neither Graham nor Stubbs carried automobile liability insurance at the time of the accident and, therefore, were uninsured motorists.

*125 ANALYSIS

A.
Under statutory law, as well as the contract involved in the case sub judice, uninsured motorist insurance covers damage to a guest of the insured when an accident occurs with an identified and uninsured vehicle.
Miss. Code Ann. Section 83-11-101(1) requires that all automobile insurance policies offer "an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle... . Miss. Code Ann. Section 83-11-101(2) requires a similar offer of coverage for property damage. Miss. Code Ann. Section 83-11-103(b) (1972) defines an "insured" as inter alia, "the named insured and ... a guest in such motor vehicle to which the policy applies... ." The statute also defines an "uninsured motor vehicle" as inter alia, "[a] motor vehicle as to which there is no bodily injury liability insurance... ." As we have often stated, when called upon to apply statutes to specific factual situations, we apply the statutes literally according to their plain meaning. Roberts v. Mississippi Republican Party State Executive Committee, 465 So.2d 1050, 1052 (Miss. 1985); Pearl River Valley Water Supply Dist. v. Hinds County, 445 So.2d 1330, 1332 (Miss. 1984); Brady v. John Hancock Mutual Life Insurance Co., 342 So.2d 295, 298 (Miss. 1977). Thus, under the applicable statutory law, when an automobile owner accepts the offer of uninsured motorist coverage, both he and his guests are insured for bodily and property damage arising from the negligent operation of an uninsured vehicle.
The insurance contract involved in the case sub judice included the following uninsured motorist coverage for bodily injuries:
A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:

1. Sustained by and insured; and

2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle.
Any judgment for damages arising out of a suit brought without our written consent is not binding on us.
B. Insured as used in this Part means:
1. Your or any family member.
2. Any other person occupying your covered auto.

3. Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person described in 1. or 2. above.
C. Uninsured motor vehicle means a land motor vehicle or trailer of any type:
1. To which no bodily injury liability or policy applies at the time of the accident.

2. To which a bodily injury liability bond or policy applies at the time of the accident. In this case its limit for bodily injury liability must be less than the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which your covered auto is principally garaged.
3. Which is a hit and run vehicle whose operator or owner cannot be identified and which hits:

a. you or any family member;
b. a vehicle which you or any family member are occupying; or
c. your covered auto.
(emphasis added)
Under the contract's terms, Hartford agreed to pay for bodily injury damages which an insured was entitled to recover from an uninsured motorist.
From the briefs and proceedings in the trial court, there appears to have been some confusion as whether physical contact was required between an insured and uninsured vehicle in order for the insurance contract to apply. This confusion may have been a result of Clause C, which *126 is reproduced above, wherein an uninsured vehicle is defined. Clause C contains three sub-parts, but the contract does not expressly state whether all three sub-parts must be met, or whether each sub-part individually defines an uninsured vehicle. That is to say, should the sub-parts be read as being separated by the word "and" or the word "or?" When construing a contract, we read the contract as a whole, so as to give effect to all of its clauses. Newell v. Hinton, 556 So.2d 1037, 1042 (Miss. 1990); Glanz Contracting Co. v. General Elec. Co., 379 So.2d 912, 917 (Miss. 1980). Viewing Clause C in light of this rule, physical contact is not required when an uninsured vehicle or its driver are identified. This is so because both sub-clauses 1 and 2 describe vehicles and drivers that are identified, while sub-clause 3 describes a hit and run vehicle, which leaves the scene of an accident, and consequently cannot be identified. To require an insured to identify a hit and run vehicle would render the insured's protection from a hit and run vehicle meaningless.

B.
In Dennis v. Searle, 457 So.2d 941 (Miss. 1984), this Court discussed the standard employed when reviewing a summary judgment:
In Brown v. Credit Center, Inc., we stated:
The trial court must review carefully all of the evidentiary matters before it  admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If in this view the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise the motion should be denied.
[Brown v. Credit Center, Inc.] 444 So.2d [358] at 362 [(Miss. 1983)].

Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says just the opposite. Issues of fact, as a matter of proper construction of Rule 56, also exist where there is more than one reasonable interpretation that may be given undisputed testimony, where materially differing but nevertheless reasonable inferences may be drawn from the uncontradicted facts, or where the purported establishment of the facts has been sufficiently incomplete or inadequate that the trial judge cannot say with reasonable confidence that the full facts of the matter have been disclosed.
457 So.2d at 944 (emphasis added). See also Benjamin v. Hooper Electronic Supply Co., 568 So.2d 1182, 1187 (Miss. 1990); Palmer v. Biloxi Regional Medical Center, Inc., 564 So.2d 1346, 1355 (Miss. 1990); Kitchens v. Miss. Ins Guar. Ass'n., 560 So.2d 129, 132-133 (Miss. 1989).
According to the factual assertions made by Brown and Ellis, Brown suffered physical injury; she was insured, as she occupied the insured automobile; neither Stubbs nor Graham carried automobile liability insurance, and the Lincoln that turned in front of Brown belonged to Graham, driven by Stubbs. These facts, when accepted as true, set forth the elements required for Brown to prevail on her claim for physical injury damages as an insured under Ellis' uninsured motorist provision of Hartford's policy. Therefore, based upon the factual assertions contained in the depositions, we hold the Circuit Court erred in granting summary judgment.
We do note, however, that the basis of knowledge upon which Brown identified the specific Lincoln that turned in front of her is questionable. She stated in response to a question concerning how she identified the car:
I don't know. Maybe I just got a little ESP or something. But it's just something about that happened, I just knew that that was the car.
While we cannot say a trier of fact would find testimony of this kind credible, once factual assertions were made that established a cause of action upon which relief *127 could be awarded, summary judgment should not have been granted.

C.
Citing MRCP 56(h), the Circuit Court ordered Brown and Ellis' attorneys to pay one thousand dollars ($1,000.00) in costs to Hartford. MRCP 56(h) provides:
[i]f summary judgment is denied the court shall award to the prevailing party the reasonable expenses incurred in attending the hearing of the motion and may, if it finds that the motion is without reasonable cause, award attorney's fees.
The comments to this rule indicate its purpose is to "deter abuses of the summary judgment practice." See also, Lamb Const. Co. v. Town of Renova, 573 So.2d 1378, 384 (Miss. 1990); Cooper v. State Farm Fire & Cas. Co., 568 So.2d 687, 692 (Miss. 1990); Joseph v. Tennessee Partners, Inc., 501 So.2d 371, 376 (Miss. 1987). In the case sub judice, summary judgment was granted. As MRCP 56(h), only authorizes the award of attorney's fees when summary judgment is denied, the Circuit Court's order was in error.
Hartford and Ellis, however, moved for sanctions based upon MRCP 11, and on appeal, they contend the award of attorney's fees was proper under this rule. MRCP 11 provides in part:
[i]f any party files a motion or pleading which in the opinion of the court is frivolous or is filed for the purpose of harassment or delay, the court may order such party, or his attorney, or both to pay the opposing party or parties the reasonable expenses incurred... .
Thus, sanctions are appropriate when a claim is either frivolous or filed for harassment value. As previously discussed, summary judgment was inappropriate, and a claim was stated upon which relief could be granted. When a party espouses a viable legal theory, MRCP 11 sanctions are inappropriate. Bean v. Broussard, 587 So.2d 908, 912-913 (Miss. 1991) (citing Dethlefs v. Beau Maison Development Corp., 511 So.2d 112, 118 (Miss. 1987). See also, Tricon Metals & Service, Inc. v. Topp, 537 So.2d 1331, 1335 (Miss. 1989). While the case presented by Brown and Ellis' counsel may be viewed as weak, we cannot say it was either brought to harass or it was without merit. Therefore, the Circuit Court's order granting Hartford one thousand dollars ($1,000.00) in costs is reversed and rendered.

D.
In the briefs, Hartford asserts the Circuit Court erred in declining to strike certain affidavits because they were either filed late or not based upon first hand knowledge. With one exception, all of the material assertions which give rise to Brown and Ellis' cause of action were contained in depositions taken nearly three months prior to the date when the hearing upon the motion for summary judgment occurred. The one exception was Graham's first affidavit, in which he stated Stubbs was using his car on the day of the accident. Because Hartford and Stubbs procured the second affidavit, wherein he contradicted his first affidavit, we cannot see where prejudice could have resulted from the Circuit Court's declining to strike. Further, the decision to grant additional time to file affidavits in opposition to summary judgment is left to the trial court's sound discretion. Cunningham v. Lanier, 555 So.2d 685, 687 (Miss. 1989); Marx v. Truck Renting & Leasing Ass'n., 520 So.2d 1333, 1344 (Miss. 1987); Terrell v. Rankin, 511 So.2d 126, 129 (Miss. 1987); Bourn v. Tomlinson Interest, Inc., 456 So.2d 747, 749-750 (Miss. 1984). Nothing in the record indicates an abuse of discretion.
Additionally, the material assertions made by Brown and Ellis were all supported by either depositions or affidavits made by persons with first hand knowledge. Brown identified the car from her own observations; Graham had first hand knowledge of whether he loaned the Lincoln to Stubbs on the day of the accident; and the information concerning whether Graham and Stubbs had automobile insurance came from both themselves and the insurance companies that had previously sold insurance to them, therefore, are without merit.

*128 E.
In conclusion, the Summary Judgment of the Circuit Court of Harrison County is Reversed and Remanded; the award of Attorney's Fees is Reversed and Rendered. Accordingly, we remand this cause to the Circuit Court of Harrison County for consideration on the merits.
REVERSED AND REMANDED IN PART AND REVERSED AND RENDERED IN PART.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.