FAIR, J.,
for the Court:
¶ 1. Latoya Hackler filed a wrongful-death claim against Dr. Robert Tibbs III and PHC-Cleveland Inc. d/b/a Bolivar Medical (Bolivar). The trial court granted summary judgment to Tibbs and Bolivar because Hackler did not present an expert opinion to support her malpractice claim. Finding no error, we affirm.
FACTS
¶ 2. Latoya Hackler gave birth to A’Kaa-lin Townes by cesarian section at Bolivar Medical Center. A’Kaalin was immediately admitted to the hospital by her treating physician, Dr. Robert Tibbs. After four days, she was discharged and went home with her mother. Two days later Hackler brought A’Kaalin back to the hospital with apnea and an erratic heart beat. Though A’Kaalin was transported to University of Mississippi Medical Center, she died.
¶ 3. Hackler filed a complaint for wrongful death in August 2009 asserting Dr. Tibbs and Bolivar had deviated from the standard of care and caused A’Kaalin’s death. The trial court entered a scheduling order stating discovery would be completed within 120 days from service of an answer, and experts should be designated no later than 45 days prior to the discovery deadline. One year later, no depositions had been taken, and no experts had been designated.
¶ 4. Tibbs and Bolivar moved for summary judgment in August 2010 contending Hackler had no expert witness to support her claim. A hearing was set for November. Two days before the hearing, Hack-ler moved for a continuance under Rule 56(f) of the Mississippi Rules of Civil Procedure, claiming her delay was justified. She attached affidavits from her attorney and from a medical-legal consultant. The trial judge granted summary judgment stating that he could not allow the case to proceed without an affidavit from a qualified expert. Feeling aggrieved, Hacker now appeals.
DISCUSSION
¶ 5. Hackler asserts that the trial court should have granted her motion for continuance under Rule 56(f) and allowed her more time to obtain an expert.
1. Rule 56(f) Continuance
¶ 6. Mississippi Rule of Civil Procedure 56(f) provides:
Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.
¶ 7. Hackler filed a Rule 56(f) motion and requested more time to obtain an expert’s affidavit. In her motion, Hackler explained she was unable to obtain the complete medical records until August 2010, and due to financial difficulties, she had been unable to retain an expert. Hackler also attached the affidavit of a medical-legal consultant who stated that he would not testify at trial and had not practiced medicine in several years. At the summary judgment hearing, Hackler admitted that she still had not located an expert to testify in support of her claims.
¶ 8. A trial court has sound discretion to grant or deny a continuance under Rule 56(f). Owens v. Thomae, 759 So.2d 1117, 1120 (¶ 10) (Miss.1999). This Court will only reverse where the trial court has abused that discretion. Id.
¶ 9. The trial judge reasoned Hackler had known since filing this action that she *137 would need expert testimony. In March 2010, Hackler answered discovery stating that she had not yet chosen an expert and would supplement her responses. Defendants requested this supplement in July, but after receiving no response, they filed for summary judgment in August. Hack-ler had nearly three months to prepare for the hearing in November and still did not obtain an expert.
¶ 10. To grant a Rule 56(f) motion, a trial judge must have proof of diligence on behalf of the party seeking a delay. Hobgood, v. Koch Pipeline Se., Inc., 769 So.2d 838, 846 (¶ 38) (Miss.Ct.App.2000). In Vaughn v. Mississippi Baptist Medical Center, 20 So.3d 645, 656 (¶ 34) (Miss. 2009), the supreme court held that denying a continuance under Rule 56(f) was proper where the plaintiffs assertions were vague on how additional time would have enabled her to rebut the defendant’s summary judgment motion. In Maxwell v. Baptist Memorial Hospital-Desoto, Inc., 15 So.3d 427, 436 (¶ 21) (Miss.Ct.App.2008), this Court affirmed a trial judge’s decision to deny a continuance under Rule 56(f) where the plaintiff had ignored discovery requests and the court’s scheduling order. Similarly, in McDaniel v. Pidikiti, 39 So.3d 952, 958 (¶ 14) (Miss.Ct.App.2009), we affirmed the denial of a plaintiffs Rule 56(f) motion where four months had elapsed between the court striking his original expert and the summary judgment hearing.
¶ 11. Hackler cites to Terrell v. Rankin, 511 So.2d 126 (Miss.1987), asserting that it is an abuse of discretion to deny a Rule 56(f) continuance where the requesting party was unable to secure the necessary affidavits. However, that opinion notes: “The cases so holding are somewhat different ... in that the non-movant, acting pro se, was incarcerated, or the plaintiff non-movant was waiting for affidavits from Kuwait.” Id. at 129 (citations omitted). As Hackler was neither incarcerated nor awaiting affidavits from a remote location, Terrell is distinguishable.
¶ 12. Here, we cannot find that the trial court abused its discretion in denying Hackler’s request for additional time to obtain a medical expert’s affidavit. Hack-ler had a year to find an expert and had the complete medical records for three months before the summary judgment hearing. Further, her affidavit does not explain how a delay will resolve the financial problems that prevented her from obtaining an expert. We find that Hackler had ample time to locate a medical expert to support her claim. Therefore, the trial court did not abuse its discretion in denying her motion for continuance under Rule 56(f).
2. Summary Judgment
¶ 13. This Court reviews summary judgment de novo. Davis v. Hoss, 869 So.2d 397, 401 (¶ 10) (Miss.2004). Summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). Evidence is viewed in the light most favorable to the party opposing the motion. Davis, 869 So.2d at 401 (¶ 10).
¶ 14. The party opposing the motion “may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” M.R.C.P. 56(e). If the non-moving party “fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to *138 judgment as a matter of law.” Galloway v. Travelers Ins. Co., 515 So.2d 678, 684 (Miss.1987).
¶ 15. Hackler had the burden of proving the existence of a genuine issue of material fact. A plaintiff must produce proof of each element of the medical malpractice claim. See Palmer v. Biloxi Reg'l Med. Ctr., Inc., 564 So.2d 1346, 1356-57 (Miss.1990). And expert testimony is required to establish that a malpractice defendant failed to use ordinary skill and care. Stallworth v. Sanford, 921 So.2d 340, 342 (¶ 6) (Miss.2006) (citations omitted). “ ‘[A] complete failure of proof concerning an essential element of the non-moving party’s case necessarily renders all other facts immaterial,’ entitling the moving party to judgment as a matter of law.” Maxwell, 15 So.3d at 434 (¶ 17) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).
¶ 16. The trial court held a hearing on the summary judgment motion in November 2010. Hackler did not submit an expert affidavit to support her claims and admitted that she still had not obtained an expert. Without an expert, Hackler was unable to establish that the defendants had failed to use ordinary skill and care. Thus, Dr. Tibbs and Bolivar were entitled to judgment as a matter of law. We affirm the circuit court’s judgment.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. BARNES, J„ NOT PARTICIPATING.