456 So.2d 747 (1984)
Ella Mae BOURN, et al.
v.
TOMLINSON INTEREST, INC., et al.
No. 54752.
Supreme Court of Mississippi, En Banc.
September 5, 1984.
Davis Hall Smith, Jackson, for appellant.
*748 Donald B. Patterson, Brookhaven, J.A. Jennings, E.E. Laird, III, Gerald, Brand, Watters, Cox & Hemleben, Jackson, for appellee.
WALKER, Presiding Justice, for the Court:
The petition for rehearing is sustained, the former opinion withdrawn and this opinion substituted therefor.
That portion of the first opinion dealing with the appeal on the merits is adopted unchanged and appears herein as Part I of this opinion.
Part II of this opinion deals with the petition for rehearing.
The petition for rehearing deals with this Court's reversal of the lower court for overruling the appellants' motion to amend their pleadings after the chancellor had ruled on motions filed by the plaintiffs and defendants for summary judgment.

PART I
Ella Mae Bourn, Willie Fay Bourn Thomas, Irby Jean Bourn Adkins, W.C. and Hazel H. Letchworth, plaintiffs, have appealed from a summary judgment of the Lawrence County Chancery Court in favor of the defendants Tomlinson Interests, Inc., a Texas corporation, C.T. Carden, Darrell M. Fink, Louisiana residents, and David B. Dale, Alan Berry, and David L. Perkins, Mississippi residents.
We find the chancellor was correct in entering a summary judgment on the issue raised by the pleadings and affirm on such finding.
On July 14, 1938 Homer Buckley owned real property in Lawrence County. On that date he and his wife executed a mineral deed, entitled, however, "Mineral Right and Royalty Transfer" to one Keith Kelly, in which they conveyed and warranted to the grantee an undivided one-half (1/2) interest in the minerals of the realty.
On November 4, 1939 Buckley and his wife executed a mineral deed to Mrs. N.B. Dale of "an undivided fifteen-sixteenths (15/16) interest in, to and of all oil, gas, and other minerals" on the remaining realty owned by Buckley.[1] This latter deed also reserved to the grantors a one-sixteenth (1/16) "royalty interest." The final paragraph contained a general warranty of title.
Plaintiffs are the successors in title to the Buckleys. On May 9, 1982 some 42 years after the Buckleys executed the mineral deed to Mrs. Dale, and there was a producing well on the realty, plaintiffs filed a complaint for an injunction against the defendants, the successors in titles to Mrs. Dale, and the well operator. The complaint alleged plaintiffs owned an undivided one-sixteenth (1/16) royalty interest in the realty, conveyed in the Dale deed, but the defendants refused to recognize their ownership and refused to pay them any royalty. The suit was for an accounting, and an injunction requiring cessation of production until plaintiffs had been paid all due them on royalties, and thereafter a decree requiring payment of one-sixteenth (1/16) royalty.
The chancellor sustained a motion to dismiss under Rule 12(b) of our Mississippi Rules because the complaint failed to state a cause of action, and granted plaintiffs right to amend their complaint.
An amended complaint was filed under Rule 57, seeking a declaratory judgment construing the Dale deed.
Other motions were filed, but the matter next came before the chancellor on motion for summary judgment by defendants and plaintiffs.
The only issue which either side attempted to present to the chancellor was whether the Buckleys, who owned only an *749 undivided one-half (1/2) interest in the minerals and conveyed by general warranty an undivided fifteen-sixteenths (15/16) interest in the minerals could, in the same instrument, reserve an undivided one-sixteenth (1/16) royalty interest.
The chancellor correctly ruled that the attempted reservation of an undivided one-sixteenth (1/16) royalty interest was ineffective. Buckley only owned an undivided one-half (1/2) interest in the minerals when the second deed was made. As the chancellor pointed out, if the reservation of the one-sixteenth (1/16) royalty interest were given effect, Mrs. Dale would have gained nothing from the deed. No error was committed in this ruling. When a grantor conveys by warranty a greater mineral interest than he actually owns, any attempted reservation will first be applied to the over-extended fraction of the interest. See Brannon v. Varnado, 234 Miss. 466, 106 So.2d 386 (1958).

PART II
As stated earlier, both the plaintiffs and defendants made motions for summary judgment on which the chancellor based his ruling. However, after the chancellor announced that he was sustaining the defendants' motion for summary judgment, counsel for plaintiffs, appellants here, made an ore tenus motion to amend their pleadings to "Reform the Instrument."
It should be pointed out that the plaintiffs had amended their pleading earlier.
It is true that Rule 15, MRCP, Paragraph a, provides in part that "... leave (to amend) shall be freely given when justice so requires." In construing our rules, we look for guidance to the federal cases since the MRCP were patterned after the Federal Rules of Procedure. Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss. 1984); Brown v. Credit Center, Inc., 444 So.2d 358, 364 fn. 1 (Miss. 1983). In the case of Glesenkamp v. Nationwide Mutual Ins. Co., 71 F.R.D. 1 (N.D.Cal. 1974), aff'd, 540 F.2d 458 (9th Cir.1976), that Court said:
The liberal amendment policy of the Federal Rules was not intended to allow a party to circumvent the effects of summary judgment by amending the complaint every time a termination of the action threatens. The time must arrive in every case when the plaintiff must demonstrate that there is a genuine issue for trial or have summary judgment entered against him.
71 F.R.D. 4.
Rule 56 requires that the party opposing the motion for summary judgment be diligent in presenting his opposition to the trial court. Brown v. Credit Center, Inc., 444 So.2d 358, 364 (Miss. 1983). By no stretch of the imagination can it be said that appellants were diligent.
When the appellants, plaintiffs below, filed their original complaint and when they filed their amendment thereto, they had full knowledge of all of the facts and any new theory of recovery was either known or should have been known to them at the time the complaint and amendment were filed. Moreover, it was incumbent upon them to show a lack of knowledge of facts on which a new cause of action might be based which they failed to do. County of Marin v. United States, 150 F. Supp. 619, 623 (N.D.Cal. 1957), 356 U.S. 412, 78 S.Ct. 880, 2 L.Ed.2d 879 (1958) (Reversed on other grounds).
In the final analysis, we come to our scope of review of an order denying a motion for leave to amend under Rule 15. Such motions are addressed to the sound discretion of the trial judge. 3 Moore's Federal Practice (2d ed. 1984) § 15.08[4]; 6 Wright and Miller, Federal Practice and Procedure (1971) § 1484. We have authority to reverse only where we are convinced that the trial judge abused his discretion. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). In this case we are not so convinced.
A majority of the Court is now of the opinion that the chancellor did not err in overruling the appellants, plaintiffs below, motion to amend their pleadings after he had announced that he was sustaining motion *750 for summary judgment. Therefore, the judgment of the lower court should be and is hereby affirmed.
AFFIRMED.
ROY NOBLE LEE, P.J., and BOWLING, HAWKINS, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
DAN M. LEE, J., dissents.
PATTERSON, C.J., not participating.
NOTES
[1] Between the time of execution of the two mineral deeds, the Buckleys had conveyed a portion of the land to a third party. The second mineral deed also has a vague and confusing description as to that part of the conveyance in the Southeast Quarter of the Southwest Quarter. It recites "... and SE 1/4 of SW 1/4 less 11 acres better described as West half of Southwest Sec. 24. Tp. 6, Range 20." We are not called upon to pass upon the validity of this particular description, however.