520 So.2d 1377 (1988)
Danny BRITT
v.
STATE of Mississippi.
No. 57529.
Supreme Court of Mississippi.
March 2, 1988.
John C. Webb, Greenville, for appellant.
*1378 Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Harrison S. Ford, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, ROBERTSON and ANDERSON, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Danny Britt has appealed to this Court from a judgment of the Circuit Court of Washington County entered upon a guilty verdict of aggravated assault, sentencing Britt to fifteen (15) years in the custody of the Mississippi Department of Corrections. He assigns two errors in the trial below.
Appellant and Delores Smith, the victim herein, became acquainted in the year 1974. Beginning in 1981 they lived together in Greenville, Mississippi, without the benefit of marriage. The relationship lasted for three and one-half (3 1/2) years and was not happy and tranquil, but rough and turbulent. Even at that, four children were born of the parties' relationship, i.e., Latosha, age 11; Sheritta, age 8; Dantrell, age 6; and Danny, age 5. Appellant and Delores Smith parted ways in August, 1984.
On April 22, 1985, at approximately 6:15 a.m., appellant appeared at the home of Delores Smith. She allowed appellant to enter and a brief discussion ensued between the two, after which appellant left. Smith suspected that appellant was "up to something", she locked the front door and went to check the back door to the house. While Smith was engaged in securing the house, appellant reappeared and the youngest child opened the front door, allowing appellant to enter.
Appellant had a wooden board approximately two feet long with a nail driven through the end and he stated to Delores Smith that he was going to kill her, referring to her with an uncomplimentary name. Latosha, the daughter, attempted to call the police, but was stopped by appellant. He then struck Smith with the wooden board, and she and the four children rushed outside toward the home of their neighbor, Mary Gross. As Smith stumbled toward Gross's home, appellant repeatedly struck her with the board.
Charles E. Kirk, a Greenville police officer, investigated the incident and testified that, upon arriving at the scene, he called an ambulance for Smith who was obviously injured. She was taken to the hospital for treatment of her injuries. According to Mary Gross, the neighbor, Delores Smith and the children came to her home on the morning of April 22. Smith was bleeding and injured.
Appellant testified in his own behalf and claimed that, at the time of the incident, he was living with Smith and the children; that upon returning home on the morning of April 22, he argued with Smith about a refund check from the Internal Revenue Service; that Smith threatened his life and stabbed him "a few times in the side;" and that it was then he struck Smith with the wooden board.

I.

THE LOWER COURT ERRED IN FAILING TO SUSTAIN APPELLANT'S MOTION FOR A CONTINUANCE IN ORDER TO QUASH THE VENIRE, WHICH DENIED HIM A FAIR AND IMPARTIAL TRIAL.
Appellant contends he was not given a fair and impartial trial because there was not a cross-section of the community, i.e., men, on the jury; that the prosecution systematically excluded men during the selection of the jury; and that the lower court erred in declining to sustain his motion for a continuance in order that a new jury might be impaneled. His motion follows:
BY MR. CRAWFORD:
... that defense counsel has now been notified that there are certain witnesses that the defendant wants to subpoena and I have not had an opportunity to subpoena these witnesses, therefore, move for a continuance to get the witnesses and get the witnesses here in Court and another reason, if the Court, please, for whatever it is worth; inbalance [sic] of the jury in that there are too many females and not enough males.
*1379 The lower court denied the motion with the following statement:
The motion in regard to the imbalance of the jury is merely a quirp [sic] of fate. There is no indication that the jury was improperly selected or improperly chosen other than by random selection. Merely because there is a preponderance of females on the jury, there is no indication that there is anything wrong with the jury selection process ... For the record, insofar as voir dire is concerned, there were no objections made during voir dire by either the State nor the defense.
The only reference to females and males on the jury was the last part of the motion which set forth, "... the inbalance [sic] of the jury in that there are too many females and not enough males." There is nothing in the record to indicate the composition of the jury. The record does not reflect the names, race or sex of the persons composing the jury, neither does the record indicate the names and sex of those persons peremptorily challenged from the venire panel, nor any reason on the part of the State or the appellant for peremptorily challenging such persons.
In Mason v. State, 440 So.2d 318, 319 (Miss. 1983), the Court said:
We have on many occasions held that we must decide each case by the facts shown in the record, not assertions in the brief, however sincere counsel may be in those assertions. Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them. Phillips v. State, 421 So.2d 476 (Miss. 1982); Branch v. State, 347 So.2d 957 (Miss. 1977); Robinson v. State, 345 So.2d 1044 (Miss. 1977); Shelton v. Kindred, 279 So.2d 642 (Miss. 1973); and Alexander v. Hancock, 174 Miss. 482, 164 So. 772 (1935).
We are not presented with the question here such as in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In Batson, an evidentiary hearing was required to determine whether there was a purposeful systematic exclusion of jurors during the criminal trial of petitioner Batson, a black man, when the prosecution used its peremptory challenges to strike all four black persons on the venire, and a jury composed only of white persons was selected. The Court stated that to establish a prima facie case of purposeful discrimination in selection of the petit jury, the defendant must show: (1) that he is a member of a cognizable racial group; (2) that the prosecution exercised its peremptory challenges to remove from the venire members of the defendant's race; and (3) that these facts and any other relevant circumstances raised an inference that the prosecution used its peremptory challenges to exclude the veniremen from the petit jury on account of their race.
Although the defendant does have a right to be tried by a jury whose members were selected pursuant to a nondiscriminatory criteria, the Batson Court noted that the Sixth Amendment to the Constitution of the United States has never been held to require that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. See also Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975).
We have not been cited authority, nor have we found any, which would bring the present case within the scope of Batson.

II.

THE LOWER COURT ERRED IN FAILING TO GRANT THE APPELLANT A NEW TRIAL ON THE GROUND THAT THE VERDICT OF THE JURY WAS CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE.
In considering whether or not the verdict of a jury was contrary to the overwhelming weight of the evidence, this Court must accept as true all the evidence which supports the State's position, together with all inferences reasonably flowing therefrom, in the light most favorable to the State's theory of the case. Haymond v. State, 478 So.2d 297, 300 (Miss. 1985).
*1380 The jury is the determiner of disputed facts and the judge of the weight and credibility of testimony. We have carefully examined the record in this case, and are of the opinion that there was a guilt issue for the jury to determine. That issue was resolved against the appellant and in favor of the prosecution, and is supported by the evidence.
There being no reversible error in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, PRATHER, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, concur.