555 So.2d 725 (1989)
Glenn PARKER, Sr., Glenn Parker, Jr., and Orey B. Parker
v.
MISSISSIPPI GAME AND FISH COMMISSION, Mississippi Bureau of Marine Resources, State of Mississippi, Chester Diaz, Henry Alexander, David Nellums, Frank Evans, and John Doe and Jane Doe.
No. 07-58782.
Supreme Court of Mississippi.
December 20, 1989.
*726 D. Neil Harris, Pascagoula and Brent M. Bickham, Bickham & Magee, Biloxi, for appellants.
Edwin Lloyd Pittman, Former Atty. Gen., Mike Moore, Atty. Gen., and Timothy L. Waycaster, Sp. Asst. Atty. Gen., Jackson, for appellees.
Before ROY NOBLE LEE, C.J., and PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
This cause arises from a complaint of false arrest and false imprisonment filed in the Circuit Court of Jackson County, Honorable Clinton E. Lockard, presiding. Summary judgment was entered in favor of defendants and this appeal taken, asserting as issues to be addressed:
1. Whether the plaintiffs' complaint was sufficient to notify the defendants that the plaintiffs intended to pursue a claim of malicious prosecution?
2. Whether the trial judge should have given the plaintiffs leave of court to amend their petition to include a complaint of malicious prosecution?
3. Whether the qualified immunity of law enforcement officials would shield these individual defendants from civil liability from a malicious prosecution claim?
On November 19, 1984, Glenn Parker, Sr., Glenn Parker, Jr., and Orey B. Parker were arrested by conservation officers of the Mississippi Department of Wildlife Conservation in Stone County, Mississippi, charged with hunting from a public road, hunting from a motorized vehicle, and hunting deer at night with a lighting device. While to some these offenses may appear trite, the statutes prohibiting them serve a greater function than the protection of wildlife. Any citizen of a rural area of our State can quickly inform you of the highly dangerous nature of hunting from a vehicle and from a public road, and of firing high powered weapons from roadways at night or any other time for that matter. At any rate, the plaintiffs were convicted by the Stone County Justice Court. Their appeal to the Circuit Court of Stone County resulted in a hung jury after which the circuit judge sustained the Parkers' Motion for Dismissal and the case was dismissed with prejudice on February 13, 1986.
On February 10, 1987, the Parkers filed their complaint of false arrest and false imprisonment in the Circuit Court of Jackson County and were met with a motion for summary judgment on the grounds that the plaintiffs had failed to state a claim upon which relief could be granted, that the action was barred by the applicable statute of limitations, Miss. Code Ann., § 15-1-35 (1972), as Amended, and that the individual defendants enjoyed immunity from these type of damages as they were acting within the course and scope of their official duties.
At the hearing, the Parkers alleged for the first time that their complaint was for malicious prosecution. The trial judge held that their complaint was for false arrest and false imprisonment, actions which accrued on the date of their arrests, November 10, 1984, and were therefore barred by the one year statute of limitations. In accordance with this reasoning the trial judge granted the Motion for Summary Judgment and from this ruling, the Parkers have appealed.

I.

WAS IT ERROR TO HOLD THAT THE PLAINTIFFS' COMPLAINT WAS INSUFFICIENT TO PUT THE DEFENDANTS ON NOTICE THAT THE PLAINTIFFS INTENDED TO PURSUE A CLAIM FOR MALICIOUS PROSECUTION?
The Parkers urge that although they did not use the words "malicious prosecution" in their complaint, their pleadings *727 alleged sufficient factual components of a malicious prosecution claim to put the defendants on notice that such a cause of action had been asserted.
In reviewing a grant of summary judgment, this Court conducts a de novo review. Short v. Columbus Rubber and Gasket Co., Inc., 535 So.2d 61 (Miss. 1988). In Pearl River County Bd. of Sup'rs. v. South East Collections Agency, Inc., 459 So.2d 785 (Miss. 1984), this Court said:
Summary judgment is appropriate only where "... the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." MRCP 56 (1972). The power to grant summary judgment is not discretionary with the trial court and the above test must be met in all cases ...
Section 15-1-35, Miss. Code Ann., (1972), as Amended, in pertinent part, states:
All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest ... shall be commenced within one (1) year next after the cause of such action accrued, and not after.
As applied to the current situation, the Parkers' complaint for false arrest and false imprisonment accrued on the date of their arrest, November 19, 1984, and was governed by a one (1) year statute of limitation.
The question before this Court is whether the February 10, 1987, complaint was sufficient to notify the defendants that a claim for malicious prosecution was also contemplated. Such an action would have accrued on February 13, 1986, when the criminal charges against the Parkers were dismissed with prejudice. Gandy v. Palmer, 251 Miss. 398, 415, 169 So.2d 819, 827 (1964).
While Rule 8 of the Mississippi Rules of Civil Procedure requires a short and plain statement of the claim showing that the pleader is entitled to relief, Rule 8 does not eliminate the necessity of stating circumstances, occurrences, and events which support the proffered claim.
If the original complaint sufficiently alleged the factual components of a malicious prosecution claim, so as to put the defendants on notice, then the malicious prosecution claim is preserved. If the allegations were insufficient to put the defendants on notice, their claim is lost.
In pertinent part, the complaint stated:
... COMES NOW the Plaintiffs in the above styled and numbered cause by and through counsel of record and files this their complaint against the Defendant for negligence, false arrest and false imprisonment for cause of action would state as follows, to-wit:
IX.
That on or about November 19, 1984, the Plaintiffs were arrested for allegedly illegally shooting a weapon and illegally hunting.
X.
That the Defendants were involved in said arrest.

XI.
That the arrest was without probable cause and was intentional, willful and malicious and in deprivation of the constitutional rights of the Plaintiffs.
XII.
That the Defendants acted negligently, willfully, wantonly and without probable cause in the false arrest and false imprisonment of the Plaintiffs.
XIII.
That the Plaintiffs were arrested, searched and treated in a negligent manner and that the Defendants had a duty to exercise reasonable and due care in the arrest of said persons but that said arrest was without probable cause and that there was a breach of said due care and that the Plaintiffs were injured as a direct and proximate result of the actions of the Defendants.

*728 XIV.
That the Plaintiffs have undergone severe mental and emotional distress as a result of the wrongful arrest and false imprisonment by the Defendants .. .
XV.
That as a result thereof the plaintiffs have been damaged.
XVI.
That the Defendants were otherwise negligent by other acts and omissions ...
XVII.
That on or about November 19, 1984 the Plaintiffs were turning around on a road in Stone County, Mississippi when they were apprehended approximately at the intersection of the Y Road and 15, approximately one-quarter mile from the area where they had turned around on the highway.
XVIII.
That the Defendants charge the Plaintiffs with firing a shot from a shotgun which the Plaintiffs had in their vehicle but had no shells for.
XIX.
That the Plaintiffs were arrested, unlawfully detained without probable cause, that their vehicle was taken and their gun was confiscated ...
XXI.
That the Plaintiffs otherwise had to get home the best way they could as a result of the wrongful arrest approximately 35 miles from their home.
XXII.
That on or about November 14, 1985 in a two day jury trial in Stone County Circuit Court the hung jury was had on charges of unlawful hunting, unlawful discharge of a firearm, discharging a firearm from a public road and discharging a firearm from a vehicle.
XXIII.
That the Defendants were negligent in the investigation of the aforementioned alleged actions and acted with insufficient information resulting in the wrongful and false arrest and false imprisonment of the Plaintiffs.
XXIV.
That the Plaintiffs became sick, lame, sore, disordered, disoriented as a result of the wrongful arrest and wrongful detention by the Defendants.
XXV.
That the arrest of the Plaintiffs by the Defendants was without probable cause and without legal process pursuant to Mississippi law and further the arrest demanded the false imprisonment and caused the Plaintiffs to be detained and said detention was unlawful under Mississippi law.
XXVI.
That the Plaintiffs were arrested and were searched in an unreasonable manner by the Defendants and their employees and were damaged thereby... . (Emphasis Added).
The elements of a claim for malicious prosecution include: (1) The institution of a criminal proceeding; (2) by, or at the insistence of, the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause in the institution of the proceedings; (6) the suffering of injury or damage as a result of the prosecution. Royal Oil Co., Inc. v. Wells, 500 So.2d 439 (Miss. 1986); Owens v. Kroger Co., 430 So.2d 843, 846 (Miss. 1983); State For Use and Benefit of Foster v. Turner, 319 So.2d 233 (Miss. 1975).
The elements of a claim for false arrest or imprisonment are two-fold. They include: (1) The detention of the plaintiff and *729 the unlawfulness of such detention; (2) Imprisonment and the falsity thereof. Thornhill v. Wilson, 504 So.2d 1205, 1208 (Miss. 1987).
The gist of the Parkers' allegations revolve exclusively around their arrest and imprisonment. There is no mention of the "circumstances, occurrences, and events" which involved their prosecution. All that is alleged is that they were falsely arrested and falsely detained without probable cause. They allege neither malice nor the absence of probable cause in the institution of the criminal proceedings. Furthermore, at no point in their pleadings do the plaintiffs allege that they suffered injury or damage as a result of the prosecution. Additionally, there is no assertion that the final outcome of the criminal proceedings favored the Parkers.
The only allegation which vaguely relates to an element of malicious prosecution is found in Paragraph XXII, where the Parkers state that a two day jury trial resulted in a hung jury.
Nowhere in their pleadings, affidavits, or testimony do they refer to the malicious institution of criminal proceedings. It was only after the trial judge indicated that he was leaning toward granting the defendants' motion for summary judgment that the attorney for Parkers first mentioned that a claim for malicious prosecution was contemplated.
The record indicates that the trial judge did not recognize that the Parkers were advancing a claim for malicious prosecution in their pleadings. On July 1, 1987, a hearing on the Motion to Dismiss or, in the Alternative, for Summary Judgment was held. At this hearing, the trial judge allowed the order dismissing their criminal charges into the record for the purposes of that motion only. At the conclusion of their arguments, the following exchange occurred:
BY THE COURT: This case charges the Defendants with false arrest and false imprisonment. There's no requirement that the suit wait until there is a disposition.
BY MS. WEATHERSBY: That's absolutely correct, Your Honor.
BY THE COURT: If you've got some authority, I want to see that, Mr. Harris.
BY MR. HARRIS: On that? Okay. Judge, I think our claim is malicious prosecution.
BY THE COURT: You had better reread your complaint. You don't plead the case, you don't plead anything.
BY MR. HARRIS: Paragraph 11. It doesn't use the terms of 
BY THE COURT: The arrest was willful, intentional and malicious. That's the arrest. False arrest and false imprisonment is all you have pled, and I'll sustain the motion for summary judgment. The statute of limitations has run by your own pleadings. You can furnish me an order to that effect ... (Emphasis Added).
The Parkers submitted affidavits in response to the motion for summary judgment in which they stated, "We were wrongfully arrested and the evidence against us is false." (Emphasis Added). None of their affidavits allege any of the elements necessary to substantiate a claim for malicious prosecution.
The complaint was not sufficient to put the defendants on notice of a claim for malicious prosecution.

II.

DID THE TRIAL COURT ERR IN REFUSING LEAVE OF COURT TO AMEND THE COMPLAINT TO INCLUDE A CLAIM FOR MALICIOUS PROSECUTION?
The threshold question here is whether or not the Parkers ever actually requested leave to amend their complaint. The following exchange took place at the hearing on the Motion for Summary Judgment:
BY THE COURT: The arrest was willful, intentional and malicious. That's the arrest. False arrest and false imprisonment is all you have pled, and I'll sustain the motion for summary judgment. The statute of limitations has run by your *730 own pleadings. You can furnish me an order to that effect ...
BY MR. HARRIS: Well, am I not allowed to amend my complaint?
BY THE COURT: You can't amend for false arrest. That's what is charged. You have to plead it within a year, and it wasn't filed for over two years after this happened? 1984 to 1987?
BY MR. HARRIS: I have the Royal Oil v. Wells case. I'll be glad to provide it to the Court. I think that it  I think it's the case. The date of the decision is August 13, 1986.
BY THE COURT: On what? I don't know what your case is about. What are you talking about?
BY MR. HARRIS: It was in this Court, Judge, I don't know. It was from Jackson County. I don't know if page 6 is the right page or not, but I think that case is  on its facts, applies here. (Handing the Court a document)
BY THE COURT: This is a malicious prosecution; that's not what's filed in this case.
BY MR. HARRIS: Okay.
BY THE COURT: That's what I just told you, that's not what's filed here. You've got a complaint for false arrest and false imprisonment and the statute of limitations is one year. I'll sustain the motion. (Emphasis Added).
This discourse discloses that the Parkers' counsel clearly neglected to request leave to amend for a claim of malicious prosecution. A trial judge will not be put in error on a matter which was not presented to him for his decision. Cossitt v. Federated Guar. Mut. Ins. Co., 541 So.2d 436, 446 (Miss. 1989). This case must be decided on the facts contained in the record and not on assertions in the briefs. Britt v. State, 520 So.2d 1377, 1379 (Miss. 1988); Shelton v. Kindred, 279 So.2d 642, 644 (Miss. 1973). On this record there was no motion for leave to amend and the assignment is therefore without merit.
But assuming, arguendo, that a motion for leave to amend was made, the question before us would then become whether the trial judge erred in refusing this motion.
Rule 15, Miss.R.Civ.P., in relevant part, states:
(a) Amendments... . Otherwise a party may amend his pleading only by leave of court or upon written consent of the adverse party; leave shall be freely given when justice so requires ...
(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading ... (Emphasis Added).
Our scope of review of an order denying a motion for leave to amend under Rule 15 is addressed to the sound discretion of the trial judge. Bourn v. Tomlinson Interest, Inc., 456 So.2d 747, 749 (Miss. 1984). Unless we are convinced that the trial judge abused his discretion, we are without authority to reverse. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226 (1962).
While proposed amendments have been liberally permitted throughout Mississippi legal history and are encouraged under Rule 15 a party cannot fail to convey the subject matter of the proposed amendment to the trial judge and if they do so fail, no error can be predicated on the judge's failure to allow the amendment. In Price v. Price, 430 So.2d 848, 849 (Miss. 1983), this Court said:
When a party proposes to amend his pleadings, he should ordinarily make known to the trial court the substance of his proposed amendment. In the absence of such, this Court has heretofore held that error could not be predicated thereon. See Watts v. Patton, 66 Miss. 54, 5 So. 628 (1888).
The Watts decision rings true today as it did a century ago, when this Court said:
... It is next said that the court should have permitted the complainant to amend his bill, but the record does not show in what way he proposed to amend. Not knowing what amendment was desired, we cannot say that the court erred in *731 refusing to permit it to be made. 66 Miss. at 61.
This record discloses that the Parkers did not disclose the substance of their proposed amendment to the trial judge, and their application was properly refused.

Was their request for leave to amend made timely?
Assuming that a motion for leave to amend was properly made, the record indicates that the "motion" was made only after the trial judge had indicated that he would sustain the motion for summary judgment. The same situation occurred in the Bourn case. In affirming the lower court we said:
... A majority of the Court is now of the opinion that the chancellor did not err in overruling the appellants, plaintiffs below, motion to amend their pleadings after he had announced that he was sustaining [defendants'] motion for summary judgment... 456 So.2d at 749-750.
William Iselin & Co., Inc. v. Delta Auction & Real Estate Co., 433 So.2d 911, 913 (Miss. 1983), announced:
... there are certain limits on permitting amendments. An application to amend should be prompt and not the result of an inexcusable want of diligence ...
We are of the opinion that even had the Parkers properly moved for leave to amend their complaint it occurred after the motion for summary judgment had been sustained and was untimely.

Did the proposed amendment relate back to the original complaint?
The Parkers assert their malicious prosecution claim is not time barred because the proposed amendment "relates back" to the original complaint. Rule 15(c), Miss.R.Civ.P. permits pleadings, which would otherwise be time barred by the statute of limitations, to be amended. The comments advise that the first test for whether an amendment relates back or not is whether the amended claim arose from the same "conduct, transaction, or occurrence" as the original complaint.
"[T]he standard for determining whether amendments qualify under Rule 15(c) is not simply an identity of transaction test; although not expressly mentioned in the rule, the courts also inquire into whether the opposing party has been put on notice regarding the claim or defense raised by the amended pleading." Wright & Miller, Federal Practice and Procedure: Civil § 1497 at 495 (1971). In Baldwin County Welcome Center v. Brown, 466 U.S. 147, 150, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196, 201, fn. 1 (1984), it appears that the U.S. Supreme Court has adopted this notice criteria:
... The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitation were intended to provide. 3 J. Moore, Moore's Federal Practice ¶ 15.15[3], p. 15-194 (1984) ...
It appears that the Parkers' amendment fails the identity of transaction test as well as the notice criteria. The "conduct, transaction, or occurrence" which gave rise to the Parkers' original complaint was their arrest. The "conduct, transaction, or occurrence" which gave rise to their proposed amendment was their prosecution. These occurrences are separate and distinct events. As such, there is no identity between these transactions and applying the first test, the proposed amendment should not relate back to the original complaint.
Secondly, applying the notice criteria, since the original complaint failed to inform defendants of litigation concerning a "particular occurrence" (i.e. the criminal prosecution), the defendants were not given "all the notice that statutes of limitation were intended to provide." The amended claim cannot be rehabilitated through the "relation back" doctrine of Rule 15(c).

Would an amendment be unduly prejudicial to the defendants?
In Red Enterprises, Inc. v. Peashooter, Inc., 455 So.2d 793 (Miss. 1984), quoting from Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226 (1962), this Court said:

*732 ... Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded ... if the underlying facts or circumstances relied upon by the plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason  such as ... undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.  the leave should, as the rules require, be "freely given." (Emphasis Added).
455 So.2d at 795.
The Parkers say that because the defendants were aware of the allegations of false arrest and false imprisonment contained in their original petition, and since a malicious prosecution action would require proving the conduct set forth in the original complaint, there would be no undue prejudice to the defendants if leave were granted. This reasoning totally ignores the fact that false arrest and malicious prosecution are separate and distinct causes of action which are comprised of entirely different elements. To allege one by no means implies the other. Allowing the Parkers to circumvent the one year statute of limitations at the defendants' expense would be unduly prejudicial and justice does not require that leave be given in the current situation.

III.

WOULD QUALIFIED IMMUNITY SHIELD THESE PUBLIC OFFICIALS FROM LIABILITY?
The defendants cite Red Enterprises, Inc., supra, for authority that one of the reasons for which a motion for leave to amend should be denied is the futility of the amendment. The defendants take the position that had malicious prosecution been properly alleged, the results would have been no different because the defendants were immune from liability under such a claim as they were acting within their discretion as public law enforcement officials carrying out the duties of their positions.
In Hudson v. Rausa, 462 So.2d 689, 696 (Miss. 1984), this Court said:
... The public officials of this state, elected or appointed, enjoy a qualified immunity to a civil action for damages when acting in the performance of official functions discretionary in nature. They lose that immunity only when they substantially exceed their authority and commit wrongs under color of office. They have no immunity when they commit willful wrongs or malicious acts ... (Emphasis Added).
In essence, the defendants say that even if malicious prosecution had been properly pled, that as a matter of law, they are not amenable to judgment because they enjoy qualified immunity. The defendants appear to confuse qualified with absolute immunity. They are blind to the fact that malicious prosecution is by its very nature a "malicious act," sufficient to disengage the protective shield of qualified immunity. Had an amendment been allowed, the defendants would not have been entitled to judgment on the qualified immunity issue as a matter of law because the amended pleading would allege a triable issue of fact, being: whether malicious acts were committed by the defendants which would open them to civil liability. There is no merit to this assignment of error.
In conclusion, the Parkers' petition was insufficient to inform the defendants that a claim for malicious prosecution was contemplated. The trial judge was correct in sustaining the motion for summary judgment.
As to their second assignment, we find no evidence that a motion for leave to amend to assert a malicious prosecution claim was ever made, and this assignment is also without merit. The judgment of the trial court is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, ANDERSON and BLASS, JJ., concur.
*733 DAN M. LEE, P.J., concurs in result only.
PITTMAN, J., not participating.