BRIDGES, J.,
for the Court:
¶ 1. Following indictments by the grand jury, Cassell Boyd, Jr. pled guilty to charges of two sales of cocaine and one possession of cocaine before the Circuit Court of Leake County, Mississippi, the Honorable Marcus Gordon presiding. After hearing Boyd’s guilty plea and discussing with Boyd the consequences of such guilty plea, Judge Gordon accepted Boyd’s plea as voluntary, knowing and intelligent. Boyd was thereafter sentenced to six years in prison for each of the two sales of cocaine, to be served concurrently, and two years in prison for the possession of cocaine charge, to be served consecutively with the six year sentence.
¶ 2. On November 17, 1995, Boyd filed his motion for post-conviction relief. That motion was denied by the trial court on February 7, 1996, and Boyd appealed to the Mississippi Supreme Court seeking reversal of such denial. Even though Boyd initially failed to adhere to proper appeals procedure, the court allowed Boyd the opportunity to perfect his appeal, whereby his case now comes before this Court raising the following issues:
1. Whether Boyd entered his guilty plea voluntarily, knowingly and intelligently as required by Mississippi law?
2. Whether Boyd’s guilty plea should be overturned due to ineffective assistance of counsel?
FACTS
¶ 3. Boyd was indicted by the grand jury on May 3, 1995, on two counts for the sale of cocaine. The indictment arose as a result of Boyd’s selling the substance to Stanley Wash on two separate occasions. Also, on May 3,1995, Boyd was indicted on one count of possession of cocaine. On May 11, 1995, Boyd filled out and executed petitions to plead guilty on all three counts. In the petitions, Boyd acknowledged that he understood the maximum sentences he could receive for these crimes and that, by pleading guilty, he was waiving his constitutional right to a jury trial, his right to confront witnesses and his right against self-incrimination. Boyd indicated that he comprehended these things by writing “yes” next to each of these items on his petition to plead guilty. Also, Boyd wrote the word “no” next to questions on the petition asking whether anyone coerced or promised Boyd anything in exchange for his guilty plea. He further demonstrated on the petition that he was satisfied with the counsel and advice of Edward Blackmon, Jr., his attorney at that time, and that he believed Blackmon adequately represented him in this case.
¶ 4. Boyd admitted to each of the three counts on which he was indicted, stating the following: “On November 23, 1993, I sold a quantity of cocaine for the sum of forty dollars to Stanley Wash. On that same date I sold another quantity of cocaine to Stanley Wash for the sum of twenty dollars. I acted alone on each sale.” In the second petition, he wrote the *360 following: “On April 2, 1994, I had in my possession cocaine in Leake County, Miss. I was acting alone on the aforesaid time.” Further, in his petitions to plead guilty to these charges, Boyd acknowledged that he understood that the maximum penalty for two counts of the crime of the sale of cocaine is thirty years, and the maximum penalty for the possession of cocaine is three years. In addition, Boyd asserted in these petitions that he understood that the State had recommended that he serve two five year concurrent sentences for his sale offenses and two years for his possession offense, to be served consecutively with the five year sentence.
¶ 5. Boyd repeated all of these acknowledgments and admissions in open court before Judge Gordon, pleading guilty to all counts with Blackmon present. Judge Gordon, in an effort to determine whether Boyd’s guilty pleas were voluntarily, knowingly and intelligently made, questioned Boyd on his understanding of the rights he was waiving by pleading guilty. Further, Judge Gordon also interrogated Boyd as to his counsel, Blackmon. Boyd assured the judge that he understood all of his rights, the waiver of those rights by pleading guilty, the maximum sentences that he could receive for his crimes and all other consequences a guilty plea would necessarily bring him. Boyd further confirmed to the judge that he was content with Black-mon as his attorney and that Blackmon had provided him with competent advice and counsel.
¶ 6. Based upon Boyd’s petitions to plead guilty and his acknowledgments and confessions before the trial judge in open court at the plea acceptance hearing, the trial court found that Boyd’s plea was voluntarily, knowingly and intelligently made. Despite the recommendations of the State, Judge Gordon sentenced Boyd to six years for each sale of cocaine charge, to be served concurrently, and two years on the possession charge, to be served consecutively with the six year sentence, for a total of eight years in prison.
¶ 7. In Boyd’s motion for post-conviction relief, he contended that he was deprived of effective assistance of counsel, that he was held in custody unlawfully, that his guilty plea was not knowingly and voluntarily made and various other claims. No affidavits or other documents were filed with the court in support of Boyd’s motion for post-conviction relief. The trial court denied Boyd’s motion and on March 12, 1996, Boyd filed his notice of appeal. The Mississippi Supreme Court initially denied Boyd’s appeal for failure to comply with Rule 4(a) of the Mississippi Rules of Appellate Procedure. However, in an order filed on May 12, 1999, the court suspended that denial and allowed Boyd’s appeal to be perfected.
¶ 8. Along with his appellate brief before this Court, Boyd has filed an affidavit signed by himself attesting to facts which would support his motion for post-conviction relief. This is the first time that Boyd has presented this affidavit before any court, as it was not used as evidence before the lower court during the hearing on Boyd’s motion. Neither has the State had occasion to see this affidavit before the filing of Boyd’s appellate brief. The State contends that this affidavit should not be allowed because it was not presented to or discussed before the trial court. Attorneys for the State have filed a motion to strike Boyd’s affidavit for failure to raise the issues within it before the trial court or for failure to file a motion to amend the record to reflect the presence of this affidavit. There were no further affidavits filed with either the lower court or this Court to support Boyd’s claims. Boyd and his newly appointed attorney request that *361 this Court add the affidavit signed by Boyd to the record of this case.
LEGAL ANALYSIS
1. Whether Boyd entered his guilty plea voluntarily, knowingly and intelligently as required by Mississippi law?
¶ 9. Boyd submits to this Court that, despite the monumental evidence in the record indicating that he fully understood all of the consequences of his guilty plea, he actually did not plead guilty voluntarily, knowingly and intelligently because he was forced into his guilty plea by his own attorney as well as the lower court itself. The United States Supreme Court case of Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), provides the standard for determining whether a guilty plea is knowingly, voluntarily and intelligently made by a defendant. See Vittitoe v. State, 556 So.2d 1062 (Miss.1990). The privileges and rights waived by a guilty plea are the right against compulsory self-incrimination, the right to a trial by jury and the right to cross-examine witnesses. Boykin, 395 U.S. at 243, 89 S.Ct. 1709. Where the record is silent as to evidence showing that these rights were known and understood by the defendant, there can be no presumption of a waiver of such rights by him. Id. at 242, 89 S.Ct. 1709.
¶ 10. The record must provide explicit evidence of such a waiver and the admissibility of the waiver must be “based on a reliable determination on the volun-tariness” of the waiver. Id. This determination of voluntariness may be evaluated by looking to see whether the defendant was advised of the nature of the charges against him, the rights which he would be waiving by pleading guilty, the maximum sentences that he could receive for the crimes with which he was charged and whether he was satisfied with the advice and counsel of his attorney. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). See also Boykin, 395 U.S. at 243, 89 S.Ct. 1709; Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991).
¶ 11. The burden of proving that a guilty plea was not made voluntarily is on the defendant. Gardner v. State, 531 So.2d 805, 810 (Miss.1988); Sanders v. State, 440 So.2d 278, 284 (Miss.1983); Baker v. State, 358 So.2d 401 (Miss.1978). If this burden is not met, the defendant’s plea must be upheld as one that was made voluntarily, knowingly and intelligently. Gardner, 531 So.2d at 810. It should be noted that “[s]olemn declarations in open court [by a defendant] carry a strong presumption of verity.” Id.; Baker, 358 So.2d at 403. See Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Further, the record must reflect that the trial court thoroughly discussed with the defendant all of the consequences of a guilty plea, including the waiver of rights, satisfaction with one’s attorney and advisement on the maximum and minimum penalties one can acquire for the crime committed. Alexander, 605 So.2d at 1172; Gardner, 531 So.2d at 809-10.
¶ 12. A guilty plea may not be accepted where the defendant did not plead of his own volition. Boykin, 395 U.S. at 243, 89 S.Ct. 1709. As the United States Supreme Court provided in Boykin, “a plea of guilty is more than an admission of conduct; it is a conviction. Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality.” Id. See Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). Aside from incidents where defense counsel simply neglects his client’s case or makes negligent fatal errors in the *362 case, ineffective assistance of counsel may include instances where a defendant’s attorney misrepresents information regarding the plea to the defendant, thereby inducing him to plead guilty. Myers v. State, 583 So.2d 174, 177 (Miss.1991). Similarly, counsel would be defective if defense counsel purposefully lies to the defendant or asks the defendant to lie in court proceedings regarding his plea. Id. In such situations, it is likely that the plea could be successfully attacked by the defendant as involuntary. Id.
¶ 13. In accordance with the aforementioned case law, we find that the lower court was correct in accepting Boyd’s guilty plea and denying him post-conviction relief. Because of the ample evidence provided to us in the record, we are convinced that Boyd entered his plea voluntarily, knowingly and intelligently, and it should therefore be upheld. In the first place, the petitions for guilty pleas filled out and signed by Boyd for all three charges against him state in no uncertain terms that Boyd committed the crimes of two sales of cocaine and possession of cocaine which are the causes of this action. Also contained in those petitions was undeniable evidence that Boyd indicated that he understood the nature of the charges against him, the waiver of his constitutional rights and the maximum and minimum penalties he could incur. Boyd explicitly indicated his understanding by writing “yes” beside those questions. It is apparent by the information contained in these petitions alone that Boyd was fully aware of the consequences of his guilty plea and there is absolutely no evidence that he was coerced or induced into pleading guilty or to sign the petitions. However, there is more.
¶ 14. We must also note that the transcript of the plea hearing speaks volumes to the issue of voluntariness. Everything which Boyd so readily admitted and signed his name to in the petitions was completely reiterated in the plea acceptance hearing before Judge Gordon. Judge Gordon asked Boyd whether he was aware that by plehding guilty, he was giving up certain constitutional rights, after which he named those rights for Boyd. Boyd answered clearly that he understood and proceeded to admit that he committed all three of the crimes with which he had been charged. In addition, Judge Gordon asked Boyd a number of questions required of him under the law, including whether Boyd had been coerced into pleading guilty; whether he was satisfied with the advice and counsel of Blackmon throughout the time he was Boyd’s attorney; whether Blackmon explained the ramifications of a guilty plea; whether Boyd was under the influence of alcohol or drugs at the time of the plea hearing or was otherwise impaired; whether Boyd understood the maximum and minimum penalties to which he could be sentenced for these crimes; and whether or not Boyd actually committed these crimes. See Alexander, 605 So.2d at 1172 (explaining the trial judge’s duties to inquire of the defendant whether he fully understands what he is giving up and what may happen as a result of his guilty plea).
¶ 15. Not only did Boyd point blank admit to each of the three crimes in open court, but he maintained before the judge and all present at the hearing, including Blackmon, that he was satisfied with Blackmon as his attorney. According to the transcript, Boyd further made it crystal clear to all listening that he understood that his guilty plea would serve as a waiver to all of those constitutional rights that Judge Gordon had mentioned. Boyd answered that he was aware of and accepted any possible statutory penalties he could receive for his crimes. Finally, he stated that he was not being coerced and that he *363 was not under the influence of any form of impairing drug. However, despite all of this, Boyd would now have us believe that all of this was some sort of illusion or untruth — that he, in fact, was forced to plead guilty because Blackmon left him with no other choice by telling Boyd that he did not have time to adequately prepare for a trial in this matter. Boyd not only blames his counsel, but blames the lower court as well, claiming that the court ordered that the trial date be set without giving his attorney enough time in which to prepare. Boyd asserts that because of the trial court’s directive, he was literally forced into pleading guilty, even knowing the repercussions of doing so, including the heavy burden he would have to meet to have his plea overturned. We are not so convinced of this unlikely claim.
¶ 16. First, Boyd’s current contentions before this Court plainly indicate that he either lied to the trial court or is lying to this Court about the voluntariness of his plea. The fact that he has been glaringly untruthful to at least one court of law renders him, in our opinion, completely without credibility. As we recently provided in Wilson v. State:
If a movant could, at a later date, successfully contradict his own assertions made under oath at his plea acceptance hearing, then there would be no purpose in conducting the hearing at all. “Truth” would become an illusory concept meaning nothing more than what the declarant asserted it to be at any particular point in time.
Wilson v. State, 760 So.2d 862, (¶ 7) (Miss.Ct.App.2000). Furthermore, Boyd has given this Court no plausible evidence on which we may rely to overturn the decision of the trial judge to accept Boyd’s plea. The credible evidence before us, including the petitions to plead guilty, filled out and executed by Boyd himself, and the transcript of the plea hearing before Judge Gordon, points to the inescapable fact that Boyd made his decision to plead guilty on his own, without coercion and without misrepresentation, thereby waiving his right to a trial by a jury of his peers. We do not believe that Boyd has met his very high burden of proof to show that he did not understand what he was signing or that he was pressured or intimidated into executing the petitions for guilty pleas.
¶ 17. If there were ever a time for Boyd to have brought such an injustice to light, he should have done so at his plea hearing before Judge Gordon. Rather, Boyd essentially echoed in open court all of the information to which he swore in the petitions, thereby losing his opportunity to make a viable case of coercion or incomprehension and sealing his fate. In Gardner v. State, the court ruled that there would be a presumption of verity on the part of the defendant where he makes forthright declarations in open court. Gardner, 581 So.2d at 810. Therefore, we can only deduce that Boyd was telling the truth at his plea hearing rather than now, on appeal. This issue is without merit.
2. Whether Boyd’s guilty plea should be overturned due to ineffective assistance of counsel?
¶ 18. We hereby deny the offer of Boyd’s affidavit before this Court and grant the State’s motion to strike such affidavit for failure to raise the issues contained in it before the trial court and for failure to properly and timely amend the record to include the affidavit.
¶ 19. We note that this self-serving affidavit is Boyd’s only offering to this Court to rebut the State’s evidence that Blackmon provided Boyd with adequate counsel. It alleges, among other things, that it was the fault of Blackmon and the fault of the lower court that he pled guilty to the crimes with which he *364 was charged. However, this affidavit and its assertions were never seen or heard of by the lower court and therefore, it cannot be found in the record of this case. Because the rule is well settled by now, Boyd and his current counsel must be aware that this Court may only review and rely on evidence that is provided in the record. Denson v. State, 746 So.2d 927, (¶ 18) (Miss.Ct.App.1999); Parker v. Mississippi Game and Fish Commission, 555 So.2d 725, 730 (Miss.1989); Britt v. State, 520 So.2d 1377, 1379 (Miss.1988); Shelton v. Kindred, 279 So.2d 642, 644 (Miss.1973). “It is a well stated principle that issues not presented at trial cannot be raised on appeal.” Denson, 746 So.2d at (¶ 17). See also Parker, 555 So.2d at 730. As well, the rules of appellate procedure dictate that “claims must be decided upon the facts in the record rather than upon assertions in the parties’ briefs.” Denson, 746 So.2d at (¶ 18). See also Parker, 555 So.2d at 730; Britt, 520 So.2d at 1379; Shelton, 279 So.2d at 644.
¶ 20. Boyd bears the burden of ensuring that the record contains all necessary information that he wishes for the reviewing court to consider in support of his theory that the decision of the trial court should be reversed. See Denson, 746 So.2d at (¶ 18); Shelton, 279 So.2d at 644; Willenbrock v. Brown, 239 So.2d 922, 924 (Miss.1970). We cannot entertain Boyd’s affidavit as it clearly was not presented to the lower court as evidence. Moreover, Boyd’s affidavit alone would not be enough for this Court to reverse on the grounds of ineffective assistance of counsel. Lindsay v. State, 720 So.2d 182, 184 (Miss.1998). “Where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.” Id.; Vielee v. State, 653 So.2d 920, 922 (Miss.1995). See also Brooks v. State, 573 So.2d 1350 (Miss.1990).
¶ 21. In order to make out a case for ineffective assistance of counsel, Boyd must prove that Blackmon’s performance as his attorney was deficient and that the deficiency was so substantial as to deprive Boyd of a fair trial. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985); Stringer v. State, 454 So.2d 468, 476-77 (Miss.1984). Boyd must prove both of these elements in order to succeed on his claim. Id. Each case should be decided based on the totality of the circumstances, that is, by looking to the evidence in the entire record. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990); Stringer, 454 So.2d at 476. The standard of performance used is whether counsel provided “reasonably - effective assistance.” Leath-erwood, 473 So.2d at 968. “There is a strong presumption that counsel’s conduct is within the wide range of reasonable professional conduct.” Id. at 969.
¶ 22. While the record shows that Blackmon was present at the time that Boyd signed the petitions, even answering questions for Boyd in an effort to alleviate any of his confusion, there is absolutely no evidence which would tend to advance Boyd’s theory that Blackmon was deficient or that he forced Boyd to execute the petitions. There is nothing in the record to indicate that Blackmon did anything more than be available to his client and advise him on the ramifications of pleading guilty versus pleading not guilty and taking his chances at trial. Further, we are not swayed by Boyd’s assertion that the seven days allocated by the trial court for trial preparation was insufficient, thereby causing Blackmon to fall short of his duties to Boyd’s detriment. “The decision to grant or deny a continuance is left to the sound discretion of the trial court.” Lambert v. State, 654 So.2d 17, 22 (Miss.1995); *365 Johnson v. State, 681 So.2d 185, 187 (Miss.1994); Hayes v. State, 728 So.2d 1182, (¶ 10) (Miss.Ct.App.1998). We cannot reverse based on a denial of a continuance without evidence of a manifest injustice. Lambert, 654 So.2d at 22. There is no evidence that such an injustice exists here.
¶ 23. Again, the petitions and the plea hearing transcript completely negate all of Boyd’s assertions against Blackmon. Boyd clearly stated before Judge Gordon that he was satisfied with his attorney, that he was content with the advice and counsel of Blackmon and that he was voluntarily pleading guilty and admitting to the three crimes for which he was charged. As such, we accept the truth to be the version told by Boyd in open court under oath before Judge Gordon rather than the version in Boyd’s brief supported by nothing but his procedurally barred affidavit. See Gardner, 531 So.2d at 810.
¶24. Finally, we take note of Boyd’s argument that this Court should consider that he proceeded with this case pro se, citing Moore v. Ruth, 556 So.2d 1059 (Miss.1990), as his authority providing that we should not dismiss his complaint simply because it is “inartfully drafted.” Moore, 556 So.2d at 1061. In addressing Boyd’s concern, we wish only to say that clearly, Boyd is now represented by counsel and it was that very counsel who drafted and submitted a brief to this Court on Boyd’s behalf. Therefore, while we would normally take such a case as Moore under advisement when dealing with a pro se appellant, that case would no longer be applicable here. Boyd’s brief, while a bit digressive at times and brimming with useless legalese, coupled with frequent laudatory adjectives, no doubt for the benefit of this Court, is more than acceptable to argue his case. However, Boyd fails to present competent evidence to us in support of that argument. We affirm.
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY DENYING THE APPELLANT POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., PAYNE, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., CONCUR.