KITCHENS, Justice,
concurring in part and dissenting in part:
¶ 23. I concur with my esteemed colleagues in the majority that the trial court did not abuse its discretion in allowing MeGraw to file the First Amended Complaint. Maj. Op. at ¶ 14. However, I do not agree that the Defendants’ Motion to Strike the Second Amended Complaint should have been granted.
¶24. The majority finds that, because the Second Amended Complaint included an additional defendant, MeGraw was required to seek leave of the court under Mississippi Rule of Civil Procedure 21 before filing the amended complaint. Rule 21, in pertinent part, provides: “Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.” Miss. R. Civ. P. 21. I, however, do not interpret Rule 21 as precluding a party from amending a complaint when no responsive pleading has been filed. In the instant case, MeGraw, with leave of the court, filed his First Amended Complaint, then added new defendants, who were not immediately served with process. As a result, no responsive pleadings had been generated when MeGraw added still another defendant and filed the Second Amended Complaint; thus, issue had not been joined.[6] I fail to see how this was impermissible under Rule 15(a) of the Mississippi Rules of Civil Procedure, which provides: “A party may amend a pleading as a matter of course at any time before a responsive pleading is served.... ” Miss. R. Civ. P. 15(a). “[Ajmended pleadings have been liberally permitted throughout Mississippi legal history.” Miss. R. Civ. P. 15 cmt. Moreover, I cannot discern how the addition of this last defendant prejudiced any other party, and, indeed, no party has made any such contention.
¶ 25. Since the Mississippi Rules of Civil Procedure were patterned after the Federal Rules of Procedure, “[i]n construing our rules, we look for guidance to the federal cases.... ” Bourn v. Tomlinson Interest, Inc., 456 So.2d 747, 749 (Miss.1984). Several federal courts have held that adding parties to an amended pleading requires leave of the court under Rule 21 of the Federal Rules of Civil Procedure, even when filed prior to a responsive pleading. 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1479 (3d ed. 2010). In so doing, the rationale “seems to be that because Rule 21 specifically provides for the addition or elimination of parties and Rule 15(a) simply sets forth a general amendment procedure, the former provision should be controlling.” Id.
¶ 26. However, in McLellan v. Mississippi Power & Light Co., 526 F.2d 870, 872-73 (5th Cir.1976), vacated on other grounds, 545 F.2d 919 (5th Cir.1977), the Fifth Circuit Court of Appeals rejected that rationale, and instead found that Rule 15(a) takes precedence over Rule 21 when a party amends a complaint to drop or add parties prior to a responsive pleading’s having been filed; accordingly, leave of the *572 court is not required. The rationale of courts holding that Rule 15(a) is the more specific and, thus, the controlling provision, is as follows:
It might be argued that Rule 21 is the general provision since it deals in broad terms with dropping and adding parties by motion, and Rule 15(a) is a more specific provision because it sets forth a particular means by which a party may attempt to drop or add parties — by an amendment to the pleadings. Viewed from this perspective, any attempt to change parties by amendment before the time to amend as of course has expired should be governed by Rule 15(a)(1) and may be made without leave of court.
6 Wright, et al., supra § 1479.
¶ 27. Accordingly, I decline to join the majority in its reliance on the holding in Veal v. J.P. Morgan Trust Co., N.A., 955 So.2d 843 (Miss.2007), namely that Rule 21 requires leave of the court for a defendant to be added, even where a responsive pleading has not been filed, since Rule 15(a) would otherwise allow in that instance for an amended pleading. I would hold that the trial court did not abuse its discretion in failing to grant the Defendants’ Motion to Strike the Second Amended Complaint, and I would take the opportunity in the instant case to overrule Veal.
KING, J„ JOINS THIS OPINION.

. Joinder of issue: The taking up of the opposite side of a case, or the contrary view on a question. Black’s Law Dictionary 854 (8th ed. 2004).