# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00139-COA

LONNIE MASSEY A/K/A LONNIE GENE                          APPELLANT
MASSEY A/K/A KENNETH BALL A/K/A
LONNIE G. MASSEY

v.

STATE OF MISSISSIPPI                                              APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/27/2014 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LONNIE MASSEY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POSTCONVICTION RELIEF DENIED |
| DISPOSITION: | AFFIRMED - 07/19/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE LEE, C.J., ISHEE AND FAIR, JJ.

### ISHEE, J., FOR THE COURT:

¶1.     In 2014, Lonnie Massey filed a motion for records and transcripts in the Madison County Circuit Court, which, in effect, was a motion for postconviction relief (PCR). After reviewing the PCR motion, the circuit court found that the motion was barred as a subsequent writ. Finding no error, we affirm.

## DISCUSSION

¶2.     Massey faced criminal charges stemming from two separate incidents in 2009. On

December 6, 2010, he pleaded guilty to three offenses—two counts of possession of a weapon by a convicted felon and one count of aggravated assault. Massey received the following sentences pursuant to a plea agreement: ten years' imprisonment on each possession charge, to be served concurrently to each other, and twenty years' imprisonment on the aggravated-assault charge, with all but one day suspended.

¶3. Massey filed the instant PCR motion, after his initial PCR was found to be without merit and a second PCR motion was found to be a successive writ. *See Massey v. State*, 144 So. 3d 204 (Miss. Ct. App. 2014); *Massey v. State*, 131 So. 3d 1213 (Miss. Ct. App. 2013). "We review the dismissal of a PCR motion under an abuse-of-discretion standard." *Williams v. State*, 110 So. 3d 840, 842 (¶11) (Miss. Ct. App. 2013). Reversal is proper only "if the circuit court's decision was clearly erroneous." *Id*.

¶4. The trial court, in its ruling on the second PCR filing, warned Massey that any "further filings could be deemed to be frivolous and could result in the loss of accrued earned time." As a result of this most recent filing, which was also dismissed, the trial court stated that in "considering [Massey]'s full range of conduct before this [c]ourt and on appeal, the motions filed herein are frivolous and that pursuant to [Mississippi] Code [Annotated section] 47-5-138(3) [(Rev. 2015)] . . . [Massey]'s accrued earned time shall be forfeited."

¶5. In his latest PCR motion, Massey asserted that he had been threatened and pressured to plead guilty and that the transcripts and records he requested would aid in his efforts to prove that his plea was not voluntarily made. However, the record reflects that Massey pleaded guilty both in the sworn plea petition he filed and by his sworn testimony at the plea

2

hearing. We quote the relevant passages from *Massey*, 131 So. 3d at 1216-17 (¶¶12-16):

> Massey's written plea petition states the factual basis for his guilty plea. It provides, in relevant part:
>
> > My lawyer advises me and I understand that the charge to which I am pleading guilty in cause/count number 2010 – 483/2 is aggravated assault. The elements of that crime are that I did willfully, unlawfully, feloniously, [and] knowingly attempt to cause bodily injury to Ande Daniel by shooting at him with a deadly weapon[,] a firearm.
>
> . . . .
>
> In his plea colloquy, Massey testified:
>
> . . . .
>
> > THE COURT: Have you been unduly influenced, pressured, intimidated, threatened, forced, coerced or promised any hope of reward to plead guilty, Mr. Massey?
> >
> > DEFENDANT: No, sir.
> >
> > THE COURT: Who made the decision to enter the plea of guilty in your case, Mr. Massey?
> >
> > DEFENDANT: I did.
> >
> > THE COURT: Are you absolutely sure, Mr. Massey?
> >
> > DEFENDANT: Yes, sir. Yes, sir.

¶6. We have previously addressed the dilemma faced by an appellant claiming that a prior version of his testimony under oath was untrue but that the version on appeal is true. *See Boyd v. Smith*, 797 So. 2d 356, 363 (¶17) (Miss. Ct. App. 2001). We point out that the movant has "been glaringly untruthful to at least one court of law[, thereby rendering] him . . . completely without credibility." *Id*. at (¶16). More specifically, we stated:

> If a movant could, at a later date, successfully contradict his own assertions made under oath at his plea[-]acceptance hearing, then there would be no purpose in conducting the hearing at all. "Truth" would become an illusory concept meaning nothing more than what the declarant asserted it to be at any particular point in time.

*Id*. (citation omitted). The trial court was entitled to rely on Massey's sworn testimony that he was not pressured or inappropriately induced in any way to support the finding that Massey's guilty plea was voluntary, knowing, and intelligent.

¶7. Furthermore, because it was apparent from the face of Massey's PCR motion that the motion was successive-writ barred and without merit, no hearing was necessary. *See* Miss. Code Ann. § 99-39-11(2) (Rev. 2015). Finding no error, we affirm.

¶8. **THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY**.

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**

4